Arne H. FALK, Individually and as a representative of all persons similarly situated, Plaintiff-Appellant,

v.

DEMPSEY-TEGELER & CO., INC, a corporation, et al., Defendants-Appellees.

No. 71-1421.

United States Court of Appeals, Ninth Circuit.

Dec. 27, 1972.

Demanes & Sanders, Burlingame, Cal., for plaintiff-appellant.

Frederic H. Sturdy, Robert E. Cooper, John J. Swenson, John R. Lucas, Jr., of Gibson, Dunn & Crutcher, MacDonald, Halstead & Laybourne, Los Angeles, Cal., Colin Peters, Palo Alto, Cal., Don F. Tyler, of Walker, Wright, Tyler & Ward, Los Angeles, Cal., for defendants-appellees.

Before DUNIWAY and TRASK, Circuit Judges, and BURNS,* District Judge.

BURNS, District Judge.

Appellant brought this action against the brokerage firm, as well as some of its directors, officers and employees. He claims he suffered losses of $14,125 in the collapse of the price of a speculative over-the-counter stock purchased through the firm. Appellant alleges, *inter alia,* securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and of Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10–5. The District Court denied appellant's motion to declare this a class action under Rule 23, F.R.Civ.P.[1] On appeal, appellant claims error in the order denying his motion.[2] Appellee moves to dismiss the appeal as improper.

On these facts, the "death knell" doctrine [3] is not applicable. Weingartner v. Union Oil Company of Cali-

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. In his order of January 27, 1971, United States District Judge Oliver J. Carter commented on the nature of the purported class of those purchasers of the stock who retained the shares through the date of the collapse of the price.

   "Every sign in this case points to the difficulty, if not impossibility, of trying this case effectively as a class action. The stock in question was bought by some 1,536 customers of the defendant during the relevant period. These individual accounts were scattered across 27 states, and were handled by 210 registered representatives in 36 different offices. Each of the various individuals was dealt with orally by one of the 210 representatives. Thus no matter how many common issues of fact there might be, an essential element in each case would require testimony by the individual plaintiff and the individual account representative. In each case the plaintiff would have to establish just what representations were made to him, while, of course, the defendant would be entitled to rebut any such evidence."

2. Appellant contends that his claim for relief meets all the requirements of Rule 23, F.R.Civ.P., at subsections 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(1)(A) and 23(b)(3).

3. Where an order of a District Court denying class action treatment would terminate the individual claim of the plaintiff, and in effect sound the "death knell" for his action, the decisions of the Second Circuit permit review. Green v. Wolf Corporation, 406 F.2d 291 (2nd Cir. 1968); Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2nd Cir. 1966). Where, by reason of the dollar amount at stake or otherwise, plaintiff's claim retains its vitality despite the denial of class action status, the order is not subject to review under 28 U.S.C. § 1291 (1970); Caceres v. International Air Transport Association, 422 F.2d 141 (2nd Cir. 1970); City of New York v. International Pipe & Ceramics Corporation, 410 F.2d 295 (2nd Cir. 1969).

   The Second Circuit has qualms about the "death knell" doctrine. In Korn v. Franchard Corporation, 443 F.2d 1301, 1303–1306, and 1307 (2nd Cir. 1971), an opinion dealing with two separate cases, the Court discussed and applied the doctrine. It granted the appellee's motion to dismiss the appeal in one case and denied the motion to dismiss the appeal in the other. At the same time, the panel's majority conceded the possible accuracy of the criticism of the doctrine in the concurring opinion. *See also* Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., 455 F.2d 770, 773–774 (2nd Cir. 1972).

fornia, 431 F.2d 26, 27–29 (9th Cir. 1970), cert. denied, 400 U.S. 1000, 91 S.Ct. 459, 27 L.Ed.2d 451. The "death knell" doctrine exists, but its application should be carefully limited. It ought not to serve as a basis for intermediate, and therefore unwarranted, review of District Court orders denying class action status.

The order denying class status is subject to review after there has been a final judgment on the merits of the plaintiff's individual claim. Weingartner v. Union Oil Company of California, 431 F.2d 26, at 30 (9th Cir. 1970). The order denying appellant's motion not being final under 28 U.S.C. § 1291 (1970), this appeal must be dismissed.