ROEMISCH, APPELLANT, *v.* MUTUAL OF OMAHA INSURANCE CO.,
APPELLEE.

[Cite as Roemisch v. Mutual of Omaha Ins. Co.
(1974), 39 Ohio St. 2d 119.]

(No. 73-953—Decided July 17, 1974.)

120

*Messrs. Roemisch & Wright, Mr. M. Alfred Roemisch* and *Mr. Donald N. Jaffe,* for appellant.

*Messrs. Altick, McDaniel & Radabaugh* and *Mr. Francis S. McDaniel,* for appellee.

WILLIAM B. BROWN, J. The certified question presented in this case is whether an order of a trial court, pursuant

to Civ. R. 23 (C) (1), determining that an action may not be maintained as a class action is a final, appealable order. In holding the order of dismissal is not appealable, the Court of Appeals concluded that it did not affect the rights of plaintiff ''or any other known complaining party'' or prevent a judgment in his favor and therefore was not a final order under R. C. 2505.02.

The court in *Miles* v. *N. J. Motors, supra* (32 Ohio App. 2d 350), the decision in conflict with the decision of the Court of Appeals in the instant case, found a similar order dismissing a class action to be a final, appealable order, relying upon the ''death knell'' theory[1] enunciated in *Eisen*

[1]The rationale for implementing the "death knell" exception to the technical, finality requirements of the federal appealable order statute (Section 1291, Title 28, U. S. Code) is expressed in *Eisen* I, *infra* (370 F. 2d) at 120, as follows:

"* * * We can safely assume that no lawyer of competence is going to undertake this complex and costly case to recover $70 for Mr. Eisen. * * * If the appeal is dismissed, not only will Mr. Eisen's claims never be adjudicated, but no appellate court will be given the chance to decide if this class action was proper under the newly amended Rule 23."

Accordingly, the court established a criterion for appellate review of orders denying class action status, to be applied on an *ad hoc* basis, that "where the effect of a district court's order, if not reviewed, is the death knell of the action, review should be allowed." *Id.*, at page 121.

The Arizona Supreme Court, in *Reader* v. *Magma-Superior Copper Co.* (1972), 108 Ariz. 186, 494 P. 2d 708, adopted the "death knell" theory, but other courts have recognized that the "death knell" theory is merely an *exception* to the finality requirement of Section 1291, *supra*, and that review will be denied where plaintiff fails to show that an adverse class determination order will effectively terminate the action. *Caceres* v. *International Air Transport Assn.* (C. A. 2, 1970), 422 F. 2d 141. See, also, *Lamarche* v. *Sunbeam Television Corp.* (C. A. 5, 1971), 446 F. 2d 880; *Gosa* v. *Securities Investment Co.* (C. A. 5, 1971), 449 F. 2d 1330; and *Falk* v. *Dempsey-Tegeler & Co.* (C. A. 9, 1972), 472 F. 2d 142.

In view of valid criticism of the "death knell' theory expressed by some federal courts, *e. g.*, *Hackett* v. *General Host Corp.* (C. A. 3, 1972), 455 F. 2d 618, certiorari denied, 407 U. S. 925, and our recognition that factual issues would have to be resolved by courts of appeal preliminary to granting review, we see no reason to adopt or reject the "death knell" theory, but will confine our inquiry to whether an order terminating a class action is a final, appealable order pursuant to R. C. 2505.02.

I.[2] (*Eisen* v. *Carlisle & Jacquelin* [1966], 370 F. 2d 119.)

In this state, appealable orders are defined in R. C. 2505.02, which provides, in part, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

We believe that the characteristics of an order striking the allegation of a class action are wholly consistent with the requirements of R. C. 2505.02.

Such order clearly affects "a substantial right" of *the class* which "in effect determines the action and prevents a judgment" adverse or favorable to *the class*. Rights and judgments do not attach in the abstract, but rather to persons. Civ R. 23 contemplates an action between a class and "the party opposing the class." In this action, a member of the class, acting as the nominal, representative plaintiff, brought suit on behalf of his class. The class action was dismissed, thus foreclosing a judgment for or against the class, determining the class action to be at an end, and denying the class the right, pursuant to Civ. R. 23, to maintain the action.

In *Daar* v. *Yellow Cab Co.*[3] (1967), 67 Cal. 2d 695, 433 P. 2d 732, the California Supreme Court concluded that a

---

[2] The *Eisen* v. *Carlisle & Jacquelin* case has been before the United States Court of Appeals for the Second Circuit on three occasions, which are respectively denoted: *Eisen* I (C. A. 2, 1966), 370 F. 2d 119, certiorari denied, 386 U. S. 1035; *Eisen* II (C. A. 2, 1968), 391 F. 2d 555; and *Eisen* III (C. A. 2, 1973), 479 F. 2d 1005. In a recent United States Supreme Court decision, U. S. , 42 L. W. 4804, *Eisen* III was vacated and remanded. However, the merits of the appeal were resolved absent a definitive ruling as to the validity or viability of the "death knell" theory.

[3] State court decisions on the finality of class action orders are collected in an annotation, 54 A. L. R. 3d 595, Appealability of Order Denying Right to Proceed in Form of Class Action—State cases.

class action termination order was in legal effect a final judgment from which an appeal lies. The court reasoned, at page 699, as follows:

"* * * We must assay the total substance of the order. It determines the legal insufficiency of the complaint as a class suit and preserves for the plaintiff alone his cause of action for damages. In 'its legal effect' * * * the order is tantamount to a dismissal of the action as to all members of the class other than plaintiff. * * * It has virtually demolished the action as a class action. If the propriety of such disposition could not now be reviewed, it can never be reviewed.'"[4] (Citations omitted.)

In our opinion, the underlying purpose of R. C. 2505.02 is to limit the absolute number of appeals taken.[5] If a trial court determines that a class of plaintiffs is not permitted to function as such in a lawsuit, the number of actions filed will approach the magnitude of the number of class members, and possible appeals from those actions would far exceed any number of "piecemeal" appeals arising from a unified class action. Judicial economy would be sacrificed at both the trial and appellate level.

The termination of a class action is of critical import

---

[4]That an order of this type would evade review is clearly expressed by the United States Supreme Court in *Cohen* v. *Beneficial Industrial Loan Corp.* (1949), 337 U. S. 541, 546, as follows:

"* * * this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. * * *

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. * * *

"We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. * * *"

[5]See Interlocutory Appeal From Orders Striking Class Action Allegations, 70 Col. L. Rev. 1292, 1301.

in that the rights of a class, *sui juris,* are either denied or affirmed at that stage. The finality requirement would be insurmountable if the class was not permitted an immediate appeal from an order which carries with it such compelling significance. To hold otherwise would effectively place the existence of class actions in the unreviewable discretion of trial courts.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for an appeal upon the merits.

*Judgment reversed.*

O'NEILL, C. J., HERBERT and STERN, JJ., concur.
CORRIGAN, CELEBREZZE and P. BROWN, JJ., dissent.

O'NEILL, C. J., concurring. The opinion of the Court of Appeals misconstrues the nature of a class action, ignores the plain wording of R. C. 2505.02, rejects without reason the relevent non-Ohio cases, and renders unappealable a trial court order that a class action lawsuit is not maintainable.

The cornerstone of the Court of Appeals' opinion is the declaration that "here, the order of the Court of Common Pleas does not affect the rights of Roemisch or any other known complaining party. Nor does the order determine the action and prevent a judgment in favor of Mr. Roemisch." The position of the Court of Appeals indicates that a class action complaint institutes not one law suit, but two, and that a trial court can segregate the named plaintiff's action from the unnamed plaintiffs' action. Such treatment of a class action complaint flouts not only the spirit of Rule 23 of the Ohio Rules of Civil Procedure, but also the express language of the rule. Rule 23(A) specifies that if the requirements of a class action are present, "one or more members of a class may sue or be sued as representative parties on behalf of all * * *." A class action complaint

does not commence two distinct lawsuits; instead, the pleading initiates a unitary lawsuit. See *American Pipe and Construction Co.* v. *Utah* (1974), U. S. , 38 L. Ed. 2d 713.

Viewing a class action complaint in its proper perspective leads inexorably to a holding that an order of a trial court that a class action is not maintainable is a final and, hence, appealable order. R. C. 2505.02 defines a final order as "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *." It is beyond argument that an order that a class action is not so maintainable determines the class action and totally prevents a judgment thereon. Since the class action is terminated by such an order, the labeling of the order as "interlocutory" is simply incorrect.

The Supreme Courts of Arizona and California have considered the precise question decided by this court today, and both have reached the same conclusion—an order that a class action is not maintainable as such is a final order. *Reader* v. *Magma-Superior Copper Co.* (1972), 108 Ariz. 186, 494 P. 2d 708; *Daar* v. *Yellow Cob Co.* (1967), 67 Cal. 2d 695, 433 P. 2d 732. Although these cases are not binding on this court, they are persuasive authority containing reasoning directly applicable to the instant case. These cases rely upon statutes which are similar to R. C. 2505.02.

The reasoning underlying the Court of Appeals' opinion has the legal effect of rendering unappealable a trial court's order that a class action is not maintainable. If, as the appellate court implies, a class action complaint is to be considered as two lawsuits—one involving the named plaintiff, the other involving the unnamed plaintiffs—the trial court's order denying the maintainability of the class action will not merge with a judgment on the merits of the named plaintiff's claim. Therefore, the named plaintiff can not appeal the class action aspect of the case. Conversely, if a person who believes he is a member of the class attempts to intervene for the purpose of appealing the trial court's rejection of the original class action, he

will become a named plaintiff and, hence, severable from the class of unnamed plaintiffs.

The decision of the Court of Appeals in this case would lessen both the efficiency and effectiveness of the judiciary in this state. The unappealability of the class action aspect of a lawsuit would force each member of the alleged class to pursue his remedy separately, thereby increasing the number of cases on both the trial and appellate level. The quality of justice would decline in some cases, for, as has been remarked by a federal appellate judge, "it is inconceivable that either the lawyers or the court will give a $9.00 suit the same consideration and attention due a class action * * *." *Hackett* v. *General Host Corp.*, (C. A. 3, 1972), 455 F. 2d 618, 626, 628 (Rosenn, J., dissenting). And in what would be the most serious consequence of the Court of Appeals' decision, the utility of the class action lawsuit to the less affluent in our state would be weakened. Class actions have been termed "one of the few legal remedies the small claimant has against those who command the status quo." *Eisen* v. *Carlisle & Jacquelin* (1974), U. S. , , 42 L. W. 4804, 4811, 4813 (Douglas, J., concurring in part and dissenting in part). It is quite likely that a group of small claimants whose lawsuit has been denied class action status by a trial court would, if that denial is not reviewable, thereby be left without an effective remedy.

The decision of the Court of Appeals should be reversed, and this cause remanded to that court for a review of the trial court's order that appellant's lawsuit was not maintainable as a class action.

CORRIGAN, J., dissenting. Firstly, I dissent from the syllabus and judgment for the reasons expressed in the majority opinion.

Secondly, it may be added that the particular issue presented in this appeal is whether the order of the trial court determining the "class action aspect" of this cause is a final, appealable order. In holding the order of dismis-

sal not to be appealable, the Court of Appeals concluded that it did not affect the rights of plaintiff "or any other known complaining party" or prevent a judgment in his favor and therefore was not a final order under R. C. 2505.02.

R. C. 2505.02, which defines appealable orders, reads, in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

This court's interpretation of R. C. 2505.02 was summarized in *Humphrys* v. *Putnam* (1961), 172 Ohio St. 456, 457, wherein it was stated:

"It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review. There must be a final determination in the lower court before a reviewing court has jurisdiction to consider the matter. See, for example, *City of Cincinnati* v. *Cormany*, 96 Ohio St., 596, 118 N. E., 1082.

"* * *

"Thus, under the statute [R. C. 2505.02], an order to be final must affect a substantial right and have the effect of determining the action and preventing final judgment. * * *"

The trial court's order in the instant appeal is interlocutory inasmuch as it does not determine the action or prevent final judgment in plaintiff's individual action. Although, as noted by the majority, the "order is tantamount to a dismissal of the action as to all members of the class other than plaintiff" (*Daar* v. *Yellow Cab Co.* [1967], 67 Cal. 2d 695, 699), any judgment in plaintiff's case will not foreclose members of the class from proceeding individually against defendant.

The finality requirements expressed in R. C. 2505.02 and the basic principle of our appellate procedure "that

only judgments and final orders are subject to review'' have resulted in consistent refusal on the part of this court to entertain appeals from interlocutory orders. See, *e. g., Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, and *Kennedy* v. *Chalfin* (1974), 38 Ohio St. 2d 85. See, also, *In re Coastal States Petroleum* (1972), 32 Ohio St. 2d 81.

In my opinion, the allowance of an appeal from the dismissal of the class action in the instant case will circumvent the underlying purpose of the provisions of R. C. 2505.02, as interpreted by this court. I am not persuaded that the rationale expressed by the majority for holding such orders to be appealable is appropriate for inclusion in the appellate procedure of this state.

I, therefore, would hold that an order of a trial court dismissing a class action which does not prevent the plaintiff from proceeding in the action in his individual capacity is not a final, appealable order.

P. Brown, J., concurs in the foregoing dissenting opinion.