POLIMEROS, APPELLEE, *v.* NATIONAL ACCOUNT SYSTEMS, INC.,
ET AL., APPELLANTS.

[Cite as Polimeros v. National Account Systems
(1975), 45 Ohio App. 2d 235.]

(No. 33608—Decided February 27, 1975.)

*Messrs. Zipkin & Greene* and *Mr. William Martin Greene,* for appellee.

*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley* and *Mr. Mark O'Neill,* for appellants.

JACKSON, J. On February 19, 1971, plaintiff, John Polimeros, filed a class action against defendants, National Account Systems, Inc., and R. B. Bernstein & Associates, Inc. The complaint alleged that defendant willfully and maliciously sent a form letter to plaintiff's employer informing the employer of plaintiff's indebtedness to a creditor and requesting certain information concerning the plaintiff. Plaintiff further alleged that the sending of this letter constituted a clear invasion of his right to privacy.

On the basis of averments that the action involved questions of common interest to all debtors whose right to privacy had been similarly infringed, and that the number of such parties was large, making it impractical to bring them all before the court, the plaintiff brought this action as a class action on behalf of himself and all parties similarly situated.

Defendants moved for an order denying the request by plaintiff that the suit proceed as a class action. The court heard oral arguments on August 3, 1972, and December 14, 1973. In an entry journalized on April 2, 1974, the trial court ordered that the action be maintained as a class action under Civil Rules 23(B)(2) and 23(B)(3), the class to be composed of plaintiff and all other individuals whose employers received a similar notice from defendants during the approximate period of time from October, 1970, until February, 1971.[1]

Defendants appeal from this order and assign one error:

"The lower court erred as a matter of law to the prejudice of the defendants in ordering that this case proceed as a class action."

Plaintiff maintains that this appeal must be dismissed because it was not taken from a final appealable order. For the reasons more fully set out below, we agree.

R. C. 2505.02 defines a final, appealable order as follows:

"Section 2505.02 Final order.

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.

"When a court makes such an order granting a new trial, setting aside or vacating a judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside."

We are not here concerned with a *special proceeding* within the meaning of that term in R. C. 2505.02, but rather,

---

[1]Defense counsel estimated that about one thousand form letters were sent to employers of debtors during the period of time in question (R. 16).

with an *action* for the redress of a wrong. *See Missionary Society* v. *Ely* (1897), 56 Ohio St. 405, 407.

Thus, for the order in question to be final, and appealable, it must both: (1) affect a substantial right; and (2) in effect, determine the action and prevent a judgment.

The court's order that the instant action shall proceed as a class action does not "* * * determine the action and prevent a judgment" for either the defendants or the plaintiff. Indeed, the court's order does not even mean that this action will necessarily proceed to its conclusion as a class action.

Civil Rule 23(C)(1) provides that:

"(C) Determination by order whether class action to be maintained; notice; judgment; actions conducted partially as class actions.

"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be *conditional,* and may be *altered* or *amended* before the decision on the merits." (Emphasis added.)

This rule clearly indicates that a trial court, having made a preliminary determination that an action is to be maintained as a class action, may, after further proceedings indicate that a class action is inappropriate, reverse itself and order that the action shall not proceed as a class action.

The circumstances surrounding the granting of the instant order further reveal that it was not a final, appealable order.

At the December 14, 1973 hearing the trial court directed counsel for plaintiff to prepare a proposed plan detailing the procedure whereby the case would be conducted as a class action. Plaintiff has filed a "Plan for Individual Notice and Separation of Issues" in Common Pleas Court. The plan suggests that the action should be maintained as a class action only for purposes of determining liability for punitive and nominal damages, whereas separate hearings were recommended for those plaintiffs who alleged ac-

tual damages (*e. g.*, from having been fired from their jobs because of the form letter). No final determination of the procedures to be followed or the issues to be decided by the class action was made by the trial court before the instant appeal was filed.

Defendants rely heavily on *Eisen* v. *Jacquelin* (1974), 417 U. S. 156. In *Eisen*, the Supreme Court held that a decision by the District Court for the Southern District of New York, determining that a certain action was maintainable as a class action and that defendants would be responsible for ninety per cent (90%) of the $225,000 cost of sending notices to the numerous members of the class, was a final, appealable order. *Eisen* is easily distinguished from the case at bar.

First, in *Eisen* the identifiable members of the plaintiff class totalled over two million people, making the cost of mailing notices very substantial. Noting that the district court had ordered defendants to pay ninety per cent (90%) of the cost of notice, the Supreme Court held that the order fell into that small class of cases wherein the determination of a collateral right is a final, appealable order. *Eisen, supra*, at 745. In the instant case, plaintiff has consented to pay the cost of notice to the members of the class, which number only 600 to 1000. Thus, the instant order, unlike *Eisen*, will not cause defendants to suffer an irretrievable loss of notice costs.

Further, since the trial court had not, prior to the filing of this appeal, made an order determing the procedures to be followed in the class action, there is no indication that other irretrievable costs, similar to the notice costs in *Eisen*, will be assessed against defendants.

Finally, *Eisen* is a federal case, and is therefore based upon 28 U. S. C. Section 1291, which merely states that "* * * courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts * * *." R. C. 2505.02 defines final, appealable orders in more specific terms, as noted above.

Lower federal courts are in disagreement as to whether an order permitting an action to be maintained as a class

action is a final, appealable order. Cases holding that such an order is not final and appealable include: *Thrill Securities Corp.* v. *The New York Stock Exchange* (7th Cir. 1972), 469 F. 2d 14; and *Walsh* v. *City of Detroit* (6th Cir. 1969), 412 F. 2d 226. *Herbst* v. *I. T. T. Corp.* (2d Cir. 1974), 495 F. 2d 1308, holds that such an order is final and appealable. The Supreme Court's ruling in *Eisen* does not resolve this conflict because *Eisen* was based on the unique order that defendants should pay the substantial cost of notices therein.

In a recent case, the Ohio Supreme Court held that an order of a trial court, pursuant to Civil Rule 23(C)(1), determining that an action may *not* be maintained as a class action is a final, appealable order, pursuant to R. C. 2505.02. *Roemisch* v. *Mutual of Omaha Ins Co.* (1974), 39 Ohio St. 2d 119. The court reasoned that the order affected a substantial right of the *class,* and determined the action and prevented a judgment, adverse, or favorable to the *class.* The present order does not prevent a judgment for either the plaintiff class or for the defendants. Thus, neither the holding nor the rationale of *Roemisch* indicate that an order determining that an action is maintainable as a class action is final and appealable.

We therefore hold that the instant appeal was not taken from a final, appealable order. The appeal is accordingly dismissed.

*Appeal dismissed.*

CORRIGAN and COOK, JJ., concur.
COOK, J., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.