[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 389.]

CHAMBERLAIN ET AL., APPELLEES, *v.* AK STEEL CORPORATION, APPELLANT.

[Cite as *Chamberlain v. AK Steel Corp.*, 1998-Ohio-401.]

*Civil procedure—Class actions—Appeal—Class certification is not a final appealable order.*

(No. 97-1626—Submitted May 26, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Butler County, No. CA97-04-074.

———————————

*Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, Colleen M. Hegge, Louise M. Roselle* and *Paul M. De Marco; Manley, Burke, Lipton & Cook, Andrew S. Lipton* and *David M. Cook; Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.*, and *James D. Ruppert*, for appellees.

*Frost & Jacobs L.L.P., David C. Horn* and *Adam P. Hall; Dinsmore & Shohl, L.L.P.,* and *Frank C. Woodside III; John G. Hritz* and *Lawrence K. Hoyt*, for appellant.

*Squire, Sanders & Dempsey, L.L.P., Steven M. Loewengart* and *D. Lewis Clark, Jr.*, urging reversal for *amicus curiae*, Ohio Chamber of Commerce.

*Millikin & Fitton* and *Michael A. Fulton*, urging reversal for *amicus curiae,* Mid-Miami Valley Chamber of Commerce.

———————————

{¶ 1} The judgment of the court of appeals is affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent.

**{¶ 3}** This case involves a class action filed against AK Steel Corporation by its employees and employees of its subcontractors. The class may consist of more than six thousand individuals of various classifications, including employees of subcontractors who worked at AK Steel's mill in Middletown, Ohio. Some members seek damages for physical injury. However, most of the class allege only damages for intentional infliction of emotional distress. The class also seeks punitive damages.

**{¶ 4}** R.C. 2505.02 states:

"An order that affects a substantial right in an action *which in effect determines the action and prevents a judgment*, an order *that affects a substantial right* made in a *special proceeding* or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

*Special Proceedings*

**{¶ 5}** We have held that "[a]n order of a trial court, pursuant to Civ.R. 23(C)(1), determining that an action may not be maintained as a class action is a final, appealable order, pursuant to R.C. 2505.02." *Roemisch v. Mut. of Omaha Ins. Co.* (1974), 39 Ohio St.2d 119, 68 O.O.2d 80, 314 N.E.2d 386. If an order *denying* class certification is a final appealable order, I fail to understand why an order *granting* class certification is not. If the rationale for holding that denial of class certification is appealable is that the underlying action is a "special proceeding" under R.C. 2505.02, the nature of the proceeding is no different when the order grants class certification. Both would arise out of a special proceeding.

*Substantial Rights*

**{¶ 6}** If the rationale for holding that denial of certification is appealable is that it affects a "substantial right" under R.C. 2505.02, again, there would be no difference between an order that grants class certification and one that denies it. If

a group is denied class certification, the plaintiffs cannot proceed in a *single* case. However, each would possess the legal right to proceed individually in a *separate* case. The fact that it may be cost-prohibitive, inconvenient, or more difficult to pursue each claim individually does not prohibit the plaintiffs from seeking individual actions.

{¶ 7} On the other hand, an order granting class certification creates the same issues for the defendant. Upon certification, the defendant must defend against a massive number of claims, many of which might not be filed if they had to be pursued as individual matters. A defendant must incur enormous litigation costs preparing for and defending against a class action. In such a scenario, the defendant's rights are equally adversely affected. Both orders affect substantial rights.

*Orders that in Effect Determine the Action and Prevent a Judgment*

{¶ 8} An order that "in effect determines the action and prevents a judgment" may be appealed. AK Steel argues that this language encompasses the practical as well as the legal effect of the order. AK Steel argues that because of the inherent nature, prohibitive cost, and attendant risks of a class action, a defendant may feel pressured to settle the case regardless of the merits of the underlying action. I agree. The words "in effect" would have no meaning if the language required only a legal determination. I believe that by including the words "in effect" in the statute, the General Assembly intended to refer to those practical issues that may affect a case. If plaintiffs are denied class certification, they may "in effect" be denied the ability to proceed because their individual claims may be too small to warrant the expense of litigation. Only under the auspices of class certification would such individuals be able to proceed with a multitude of claims small in actual dollar amounts but significant in overall results. However, each plaintiff still would possess the legal *right* to proceed in an individual action.

Therefore, they are not prevented from obtaining a judgment, but "in effect" are denied a judgment by the practical realities of litigation.

{¶ 9} A class certification against the defendants creates the opposite effect. So much expense is involved in defending against a class action that a judgment "in effect" is prevented because a class action virtually forces a defendant into settlement. In the legal sense, a defendant certainly can go forward and defend a class action and obtain judgment, but the harsh realities are that a defendant will often settle to avoid the expense, just as a plaintiff with a small case would never pursue the matter; "in effect" there will be no "judgment" either way. Each order "in effect determines the action and prevents a judgment."

{¶ 10} The decision to certify a class of such differing interests, types of employees, types of occupations, and types of injuries, as in this case, should be subject to appellate review before a defendant is burdened by the expense of defending against such an action. The defendants herein, having been denied that right of appeal, have "in effect" been denied their day in court and may be forced to settle this action out of fiscal necessity. This is, of course, one of the reasons class actions are so heavily used in current litigation.

*Effect of R.C. 2505.02 Amendment*

{¶ 11} After briefing in this case, the General Assembly amended R.C. 2505.02. Effective July 22, 1998, and applicable to pending appeals, the statute states:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

" * * *

"(5) An order that determines that an action may or may not be maintained as a class action." 1998 Sub.H.B. No. 394.

{¶ 12} R.C. 2505.02, as now amended, expressly provides that a decision granting class certification is a final appealable order. The amendment further

states that it applies to all pending actions, including appeals. R.C. 2505.02(D) as amended by Sub.H.B. No. 394.

{¶ 13} The parties in this case did not have the opportunity to brief the effect of this amendment. The statute clarifies the public policy that *both* the granting and denial of class certification are appealable. I believe it is an injustice to the defendant to issue this opinion a few weeks before that date so that the mere fate of timing prevents AK Steel from fitting within the terms of the statute.

{¶ 14} Therefore, I respectfully dissent and would remand this case to the court of appeals to consider the merits of the order granting class certification.

_____