OPINION
This case is before the court on appeal from an order of the Cuyahoga County Court of Common Pleas dismissing the individual plaintiffs' claims and transferring this action to the Franklin County, Ohio, Court of Common Pleas. In three assignments of error, the individual plaintiffs contend:
 I. THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFFS' INDIVIDUAL CLAIMS.
 II. THE TRIAL COURT ERRED BY ORDERING A TRANSFER TO THE FRANKLIN COUNTY COURT OF COMMON PLEAS.
 III. THE TRIAL COURT ERRED BY RULING ON THE MERITS OF A MOTION MADE BY CERTAIN DEFENDANTS WHO HAD PREVIOUSLY BEEN VOLUNTARILY DISMISSED FROM THE CASE.
For the following reasons, the court finds the order transferring this action to Franklin County is not final and appealable. Accordingly, this court lacks jurisdiction over the individual plaintiffs' appeal to the extent it challenges the order of transfer.
We find the trial court lacked jurisdiction to rule on the motion of certain director defendants to dismiss the claims against them because plaintiffs voluntarily dismissed those claims without prejudice. Consequently, we vacate the second order dismissing the claims against these defendants and reinstate the prior order of dismissal without prejudice.
The dismissal of the plaintiffs' other individual claims was a final and appealable order, so we will address the merits of that ruling. The court properly dismissed plaintiffs' claims for conversion and for violation of Ohio's insurance laws. Those claims did not allege the defendants violated any duty owed to plaintiffs. However, plaintiffs' claims against the defendant officers and directors for tortious interference with contractual relations and breach of fiduciary duty, and their claim against KPMG for professional negligence, did allege the violation of duties that defendants owed directly to plaintiffs. Therefore, the dismissal of these claims must be reversed.
 PROCEEDINGS BELOW
Plaintiffs James P. Boedeker, M.D., Barbara Walsh, and Blase Pignotti filed this action on December 22, 1997, on behalf of themselves and other similarly situated policyholders of P.I.E. Mutual Insurance Co. ("PIE"). They also sued derivatively on behalf of PIE.
In an amended complaint filed on April 21, 1998,[1]
plaintiffs claimed that PIE's chief executive officer (Larry E. Rogers), chief financial officer (James M. Marietta III), general counsel (Warren L. Udisky), board of directors, and auditor (KPMG Peat Marwick LLP) mismanaged the financial affairs of the company and misrepresented its financial condition to policyholders and state regulators. They sought to maintain a class action on behalf of themselves and other similarly situated policyholders, claiming defendants caused PIE to breach its contract to provide them insurance coverage, made deceptive and false entries in PIE's books and reports, converted PIE's assets to their own use, breached fiduciary duties, committed malpractice, and tortiously interfered with the contractual relationship between PIE and its insureds. In addition, plaintiffs alleged derivative claims on behalf of PIE, asserting it would have been futile to demand action by the officers or directors of PIE or the superintendent of insurance, Harold Duryee.[2]
Duryee, who had not been named as a party, filed a motion to intervene in this action on March 12, 1998; on April 3, he moved to be substituted as the sole plaintiff. Defendants Herbert S. Bell, M.D., Marietta, KPMG and "certain director defendants" (including all but four[3] named members of PIE's board of directors) all moved the court to dismiss the claims against them.
On June 5, 1998, plaintiffs filed a notice voluntarily dismissing their claims against "certain director defendants," without prejudice. The court so ordered on June 25, 1998.
On June 30, 1998, the trial court entered an order allowing Duryee to intervene in this action as PIE's liquidator but denying his request to be substituted as the sole party plaintiff.[4] The trial court also dismissed the plaintiffs' individual and class action claims, finding that these claims alleged a common injury among shareholders as a result of defendants' wrongful actions toward PIE. Therefore, the court held, the plaintiffs' "individual claims are duplicative of any cause of action maintainable by P.I.E." Finally, the court transferred the action to the Franklin County, Ohio, Court of Common Pleas "in the interest of judicial economy."
In a separate half-sheet entry, entered simultaneously, the court stated:
 Journal entry and order entered in accordance with Civ.R. 54(B) there being no just reason for delay. OSJ.
 LAW AND ANALYSIS I. Jurisdiction.
The interlocutory nature of the trial court's order demands that we consider whether it is a final and appealable order under R.C. 2505.02. As amended effective July 22, 1998,[5] this statute provides:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
Construction of the amended statute appears to be a matter of first impression in this district; only a handful of other cases have addressed the matter to date.[6] However, the language of the amended statute tracks that of its predecessor in many cases; therefore, the construction of the statute prior to the 1998 amendments frequently will be instructive, if not dispositive.
A court order is final and appealable only if the requirements of R.C. 2505.02 and (if applicable) Civ.R. 54(B) are met. ChefItaliano Corp. v. Kent State University (1989), 44 Ohio St.3d 86. The judgment against plaintiffs on their individual claims plainly meets both of these requirements as it (1) determines plaintiffs' claims and prevents them from obtaining a judgment on their own behalf or on behalf of the alleged class and (2) includes the Civ.R. 54(B) language. Id.; R.C. 2505.02(B)(1).
However, the trial court's order of transfer stands on a different footing. First, this is not an order which "determines the action and prevents a judgment." R.C. 2505.02(B)(1). It is procedural; it does not decide any claim.
Manifestly, the order of transfer is not an order which vacate[s] or set[s] aside a judgment or grant[s] a new trial" or "determine [sic] that an action may or may not be maintained as a class action." R.C. 2505.02(B)(3) and (5). Consequently, it is not final and appealable orders under these provisions.
Moreover, it is not an order that affects a substantial right made in a special proceeding, which is made final and appealable by R.C. 2505.02(B)(2). The definition of a special proceeding in amended R.C. 2505.02(A) is substantively equivalent to the definition previously developed by case law:
 "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
Compare Polikoff v. Adam (1993), 67 Ohio St.3d 100.
"[A] proceeding for change of venue is not a special proceeding * * *." State, ex rel. Stainer v. DeHoff (1985), 18 Ohio St.3d 163,165; State, ex rel. Lyons v. Zaleski (1996), 75 Ohio St.3d 623,625. Therefore, the order transferring the action to the Franklin County Court of Common Pleas is not final and appealable under R.C. 2505.02(B)(2). Cf. State ex rel. Banc One, v. Walker
(1999), 86 Ohio St.3d 169, 173 (appeal following final judgment is adequate legal remedy for challenge to decision on motion to change venue).
The only remaining issues are raised by amended R.C.2505.02(B)(4). This subsection is new to R.C. 2505.02. It renders final and appealable the grant or denial of a "provisional remedy" under certain circumstances.
The first issue presented by R.C. 2505.02(B)(4) is whether the order of transfer grants or denies a "provisional remedy." The term "provisional remedy" is defined in R.C. 2505.02(A)(3):
 "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
The statutory definition does not specifically refer to proceedings to transfer venue nor are any of the listed proceedings akin to a proceeding to transfer venue. Consequently, a closer examination of the concept of a provisional remedy is in order.
A provisional remedy is generally defined as:
 A remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such include the remedies of injunction, appointment of a receiver, attachment, or arrest.
Black's Law Dictionary (5th Ed. 1979) 1102.
 A remedy of a party to an action, not intended as means of reaching a determination and adjudication of the issue or issues, but as a means whereby the party who invokes it successfully prevents the adverse party from taking steps during the course of the action which would thwart the enforcement of a judgment obtained in the action. Not a special proceeding, but a merely collateral proceeding permitted only in connection with a regular action, and as one of its incidents.
Ballentine's Law Dictionary (3d Ed. 1969) 1016-17.
A recurring theme in these definitions is that a provisional remedy protects one party against irreparable harm by another party during the pendency of the litigation. Transfer of venue is not consonant with this theme. It does not involve protection of a party's ability to enforce a final judgment or preservation of the status quo during the pendency of the action.
Accordingly, this court finds the trial court's order transferring of this action to Franklin County is not a final appealable order. For this reason, this appeal is dismissed to the extent it challenges the order of transfer. However, the court will address the merits of plaintiffs' appeal from the dismissal of their individual claims.
 II. Dismissal of Individual Claims.
Two assignments of error relate to the dismissal of plaintiffs' individual claims:
 I. THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFFS' INDIVIDUAL CLAIMS.
* * *
 III. THE TRIAL COURT ERRED BY RULING ON THE MERITS OF A MOTION MADE BY CERTAIN DEFENDANTS WHO HAD PREVIOUSLY BEEN VOLUNTARILY DISMISSED FROM THE CASE.
 A. Dismissal of Claims Against Voluntarily Dismissed Parties
Plaintiffs claim the trial court erred by granting the motion to dismiss filed by certain defendants whom plaintiffs voluntarily dismissed from the case without prejudice. Plaintiffs argue the trial court lost jurisdiction to rule on those defendants' motions once the claims against them were dismissed.
The Ohio Supreme Court's recent decision in Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, is dispositive of this issue. In Denham, the supreme court ruled that a plaintiff may voluntarily dismiss fewer than all named defendants pursuant to Civ.R. 41(A)(1) without dismissing the entire action. If a plaintiff does voluntarily dismiss all claims against a defendant without prejudice, it will be treated as if no action had been brought against that defendant.
If no action had been brought against the dismissed defendants, their motion to dismiss would have been a nullity. Therefore, the trial court lacked jurisdiction to rule on the motion. Accordingly, the court sustains appellants' third assignment of error. The court will vacate the second order dismissing plaintiffs' claims against certain director defendants, and reinstate the order dismissing those claims without prejudice.
 B. Dismissal of Plaintiffs' Other Individual Claims
Finally, we consider the trial court's order dismissing plaintiffs' claims against the remaining defendants. The trial court concluded that plaintiffs' claims on their own behalf were duplicative of causes of action maintainable by PIE and, therefore, plaintiffs had no independent cause of action, citingAdair v. Wozniak (1986), 23 Ohio St.3d 174. In Adair, individual shareholders filed suit against a third party for losses resulting from the third party's allegedly fraudulent equipment sale and lease-back arrangement with the corporation. Plaintiffs claimed they suffered an individual loss because they had guaranteed loans to the corporation and became personally liable on those guarantees. The court found the defendants owed no duty to the plaintiff shareholders, noting particularly that the plaintiffs had no independent contractual relationship with the defendants.
The complaint here alleges plaintiffs themselves had relationships with defendants from which legal duties arose. The claims here are, therefore, distinguishable from the claims at issue in Adair, where the only legally cognizable relationship existed among the defendants and the corporation.
In their first and seventh causes of action,[7] for example, plaintiffs claimed the defendant officers and directors caused PIE to breach its contractual obligations to repay loans and to provide insurance coverage and pay for the defense of covered claims. These are, in effect, claims for tortious interference with a contractual relationship, a claim recognized by Ohio law.Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415. Plaintiffs may have to show that the defendants exceeded their privilege as officers and directors to interfere with PIE's contracts in furtherance of their legitimate business interests. However, this is a matter of proof not appropriate for disposition on a motion to dismiss. Cf. Dorricott v. FairhillCenter for Aging (N.D. OH 1998), 2 F. Supp.2d 982, 990; Bell v.Le-Ge, Inc. (1985), 20 Ohio App.3d 127.
The fourth and fifth counts allege breaches of fiduciary duties that the defendant directors and officers owed to plaintiffs as shareholders. Unlike Adair, these claims allege the officers and directors of PIE violated duties owed directly to plaintiffs.
Similarly, plaintiffs have alleged that KPMG breached a duty owed directly to them. In their sixth count, plaintiffs claimed KPMG failed to perform its accounting work for PIE competently, with reasonable care and due diligence. Plaintiffs further alleged the shareholders were a limited class of persons whose reliance on KPMG's accounting work was foreseeable. In HaddonView Investment Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, the Ohio Supreme Court held that an accountant may be held liable to a third party for professional negligence if the "third party is a member of a limited class whose reliance on the accountant's representations is specifically foreseen." Thus, plaintiffs have alleged the breach of a duty that KPMG owed directly to them.
However, we agree with the trial court that plaintiffs' conversion claim was duplicative of the derivative claim they filed on PIE's behalf. Plaintiffs claimed the defendants converted PIE's assets, not plaintiffs'. Defendants' alleged wrongdoing therefore caused damage to the corporation, not to the plaintiff-shareholders individually. Adair, 23 Ohio St.3d at 178.
Plaintiffs' claim for violation of Ohio's insurance laws also does not allege the breach of any duty owed to plaintiffs. This claim alleged defendants made false entries and concealed facts in order to deceive public officials, not plaintiffs. Therefore, this claim was properly dismissed.
 CONCLUSION
For the foregoing reasons, we find the trial court's order transferring this action to Franklin County is not final and appealable. Therefore, we dismiss this appeal to the extent it challenges the order of transfer.
We vacate the trial court's order to the extent it granted the motion of certain director defendants to dismiss the claims against them. We affirm the trial court's dismissal of counts 2 and 3 of the amended complaint against the remaining defendants, but reverse its dismissal of counts 1, 4, 5, 6, and 7 of the amended complaint and remand this matter to the common pleas court. We leave the trial court to decide, in the first instance, whether venue over these claims should remain in Cuyahoga County or be transferred to Franklin County.
This appeal is dismissed to the extent it challenges the trial court's order transferring this case to the Franklin County Court of Common Pleas. The trial court's order of June 30, 1998 is vacated to the extent it granted the motion of certain director defendants to dismiss. With respect to the remaining defendants, the June 30, 1998 order is affirmed to the extent it dismissed counts 2 and 3 of the amended complaint and is reversed to the extent it dismissed counts 1, 4, 5, 6, and 7 of the amended complaint. This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that each party shall bear his or its own costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and DIANE KARPINSKI, J., CONCUR.
 _________________________________ KENNETH A. ROCCO, JUDGE
[1] A second amended complaint filed May 27, 1998 was withdrawn by the plaintiffs on June 26, 1998.
[2] At the time the amended complaint was filed, Duryee had been appointed as the rehabilitator of PIE. Later, the Franklin County Court of Common Pleas appointed him as PIE's liquidator.
Duryee was succeeded in office by David Meyer, and subsequently by J. Lee Covington, II. For the sake of consistency and clarity, however, the court refers to the superintendent as Duryee, as did the parties and the trial court.
[3] The four directors who were not parties to this motion were defendants Bell and Marietta, who filed separate motions to dismiss, and Rogers and Udisky.
[4] This order is the subject of a separate appeal now pending before this Court, App. No. 74929.
[5] This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment [July 22, 1998], notwithstanding any provision of any prior statute or rule of law of this state.
R.C. 2505.02(D). The common pleas court action was pending on the effective date of the statute; these appeals were filed thereafter, on July 23 and July 30, 1998, respectively.
[6] Chamberlain v. AK Steel Corp. (1998), 82 Ohio St.3d 389;Sorg v. Montgomery Ward Co. (Dec. 17, 1998), Erie App. No. E-98-057, unreported; Ralston v. Chrysler Credit Corp. (Nov. 25, 1998), Lucas App. No. L-98-1312, unreported; American ProcessDesign, Inc. v. DeBoer (Oct. 30, 1998), Hamilton App. No. C-971045, unreported; Reis v. The Bernstein Group, Inc. (Oct. 23, 1998), Hamilton App. No. C970927, unreported; Myers v. Basobas (Oct. 15, 1998), Franklin App. No. 98AP-161.
[7] It is not clear how these two claims differ.