OPINION
{¶ 1} On July 13, 2001, Jeffrey Gabbard and Jana Young filed a "class action complaint" in the Ohio Court of Claims. They sought recovery of money received by the Ohio Bureau of Workers' Compensation ("BWC") by way of subrogation rights granted by a statute which had been ruled unconstitutional in Holeton v. Crouse Cartage Co. (2001),92 Ohio St.3d 115. They asked that the case be certified as a class action and that they be found to be the proper class representatives for the class.
 {¶ 2} On August 10, 2001, counsel for the BWC filed an answer. On August 31, 2001, the trial court journalized an order certifying the case as a class action. The order was a stipulated order, agreed upon by counsel for the parties. The order defined the class as persons who had paid money received from third-party tortfeasors to the BWC because of the existence of former R.C. 4123.931 and 4123.93.
 {¶ 3} On September 16, 2001, counsel for Mr. Gabbard and Ms. Young filed a motion requesting leave to amend the complaint in order to add a declaratory judgment action to the case. At about the same time, William Grant, a person who had filed a case as an individual seeking a refund of money he paid and had filed suit before the class action was filed, sought to consolidate his case with the class action.
 {¶ 4} Robert Daunch also sought to join the class action through intervening in the case. Robert Daunch alleged that he had paid the BWC $4,500 from funds which were received from two sources, a third-party tortfeasor and his own insurance company's underinsured motorist carrier. Counsel for Mr. Daunch argued that the class only addressed part of his situation, because the class did not include persons who paid funds received from their own insurance carriers.
 {¶ 5} Before the above legal issues were resolved, counsel for Mr. Gabbard and Ms. Young filed a second motion to amend the complaint, this time attempting to add persons such as Robert Daunch to the case and to the class. Next, counsel filed a motion asking that the proceedings be stayed pending resolution of a parallel action, also a class action case, entitled Santos v. Admr., Bur. of Workers' Comp., Cuyahoga App. No. 80353, 2002-Ohio-2731.
 {¶ 6} A trial judge with the Ohio Court of Claims refused to stay the proceedings in the class action and permitted Robert Daunch to intervene in this case. The court also permitted the filing of the second amended complaint.
 {¶ 7} Also, at the same time, various class members who were represented by their own lawyers were filing motions in which they requested to be excluded from the class action in the Ohio Court of Claims.
 {¶ 8} Counsel for Mr. Gabbard and Ms. Young next filed a motion requesting that the class order be amended and that the class be expanded to include persons such as Robert Daunch. This motion to amend the class order was denied in an entry journalized August 7, 2002.
 {¶ 9} On August 30, 2002, counsel for Mr. Gabbard and Ms. Young filed a notice of appeal of the trial court's order which denied the motion to amend the class. On September 5, 2002, counsel for Robert Daunch also appealed. The two appeals have been consolidated.
 {¶ 10} Appellants Gabbard and Young assign a single error for our consideration:
 {¶ 11} "The trial court abused its discretion by summarily denying the motion to amend the Class Order without any hearing and without any findings justifying the denial when both Appellants and Appellee agree on the substantive changes to a class order."
 {¶ 12} Appellant Daunch assigns a similar error:
 {¶ 13} "The trial court abused its discretion by summarily denying the motion to certify an expanded class of persons not included in the original certification, without any hearing and without any findings justifying the denial, when both Appellants and Appellee agreed on the substantive changes to the class order."
 {¶ 14} The BWC has filed a motion in this appellate court in which the BWC asserts that an entry in which a trial court refuses to modify a previously certified class is not a final appealable order for purposes of R.C. 2505.02. If the BWC is correct in this assertion, then this appellate court has no jurisdiction to address the merits of the appeal. We therefore address the merit of the motion first.
 {¶ 15} R.C. 2505.02(B) provides:
 {¶ 16} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 23} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 24} The BWC asserts that none of the five subsections apply, so this appeal must be dismissed. Counsel for appellants Gabbard and Young suggest that both subsection (B)(2) and (B)(5) apply. Counsel for appellant Daunch asserts that the decision of the Supreme Court of Ohio in Roemisch v. Mutual of Omaha Ins. Co. (1974), 39 Ohio St.2d 119, requires a finding that a final appealable order exists.
 {¶ 25} Addressing the argument asserted by appellant Daunch first, the syllabus of Roemisch reads:
 {¶ 26} "An order of a trial court, pursuant to Civ.R. 23(C)(1), determining that an action may not be maintained as a class action is a final, appealable order, pursuant to R.C. 2505.02."
 {¶ 27} Following the decision in Roemisch, R.C. 2505.02 was amended to add the current R.C. 2505.02(B)(5) set forth above. Thus, Roemisch provides no additional authority beyond the words of the statute which turned its syllabus into statutory law. The syllabus was the law of the case and the law of the case has now been turned into a statute.
 {¶ 28} Next, we must address whether R.C. 2505.02(B)(5) defines an entry which refuses to expand a class as a final appealable order. We repeat the words of R.C. 2505.02(B)(5) "[a]n order that determines that an action may or may not be maintained as a class action."
 {¶ 29} The legislature, in response to Roemisch and other considerations, did not enact a statute which allowed a party to appeal every time a trial court modified the membership of a class. Instead, the legislature allowed an appeal following the initial finding that a class action, as opposed to an individual action, could be maintained. This decision of the legislature is consistent with the efficient operation of the trial courts. Maximum discretion for management of a class action once certified must be vested in the trial judges so they can manage such complex litigation as efficiently as possible. An appeal, with its attendant delay, every time the trial court amended the membership of the class, would unnecessarily delay already lengthy litigation. We find that R.C. 2505.02(B)(5) does not allow for an appeal from a trial court decision refusing to expand the class in an action already certified as a class action.
 {¶ 30} Counsel for appellants Gabbard and Young also assert that an appeal is authorized under R.C. 2505.02(B)(2), which reads "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 31} Counsel relies heavily upon Amato v. General Motors Corp. (1981), 67 Ohio St.2d 253. In Amato, the Supreme Court of Ohio found that a ruling certifying a class action was a final appealable order because the ruling affected a substantial right in a special proceeding. However, Amato has been overruled.
 {¶ 32} We note also that R.C. 2505.02 was extensively amended in 1998. "Special proceeding" was defined in R.C. 2505.02(A)(2) as "[a]n action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."
 {¶ 33} In modifying R.C. 2505.02, the legislature defined "special proceeding" in a way which now excludes class actions as special proceedings for purposes of R.C. 2505.02(B)(2) because class actions are not specially created by statute. The right to appeal in the class action certification context is now circumscribed and defined by R.C.2505.02(B)(5). As we noted above, R.C. 2505.02(B)(5) allows appeals from the initial decision to certify or not to certify a class, but does not provide for an appeal of trial court decision to modify or not to modify the class membership. If an appeal were allowed in the latter situation, each time an individual member of the class requested to be removed from the class, one of the remaining parties could appeal. A party who wished to delay the litigation could delay the litigation indefinitely by pursuing said appeals, arguing that the party does not want to lose a member of the class or does not want to defend against a separate lawsuit.
 {¶ 34} Based upon the foregoing, we find no final appealable order. We therefore grant the motion to dismiss this appeal filed on behalf of the BWC.
Motion granted; appeal dismissed.
LAZARUS and BRYANT, JJ., concur.