**BURRELL, Appellant,**

v.

**SOL BERGMAN ESTATE JEWELERS, INC., Appellee.**

[Cite as *Burrell v. Sol Bergman Estate Jewelers, Inc.* (1991), 77 Ohio App.3d 766.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60691.

Decided Oct. 21, 1991.

*Jack M. Schulman,* for appellant.

*Kenneth A. Bravo,* for appellee.

FRANCIS E. SWEENEY, Judge.

Plaintiff-appellant, Carmalita Burrell, timely appeals from the judgment of the Cuyahoga County Court of Common Pleas, which issued an order denying class certification as to Count III of appellant's complaint (thereby dismissing Count III) and granting appellee's motion for a protective order limiting all discovery in the action to discovery directly relating to the issue of certification of the proposed class and staying all other discovery pending a final order of the court of common pleas as to whether the action should be maintained as a class action.

Appellant filed a three-count complaint against appellee, the first two of which assert a cause of action under the Ohio Consumer Sales Practices Act, R.C. Chapter 1345, and common-law fraud. Appellant's third count alleges, in pertinent part, that "in excess of 500 persons have purchased diamond solitaire rings from defendant since April 1, 1988, in response to defendant's representations (through advertisements, promotional materials, and other methods of communication) that defendant was selling diamond solitaire rings at one-half their retail price. These representations were false and misleading." Appellant further alleged these misrepresentations constitute "an unfair and deceptive act and practice in violation of Section 1345.02, Ohio Revised Code." Finally, appellant requested the court to certify this case as a proper class action and determine that the plaintiff is a proper class representative "of a class defined as all purchasers of diamond solitaire rings from the defendant during the period between April 1, 1988 and the date of filing this action."

Contemporaneously with the complaint, appellant filed a request for production of documents relating to appellee's advertisements and promotional materials, customers, purchases and sales of diamond rings, sales manuals or sale policies and procedures, claims made against appellee under the Ohio Consumer Sales Practices Act, and others, and a set of interrogatories relating to the above topics. Subsequently, appellee filed its motion for a protective order.

The trial court conducted an evidentiary hearing on the issue of class certification and orally granted appellee's motion for a protective order. At the hearing, appellant testified she purchased a diamond solitaire ring from appellee. By way of background, appellant's complaint alleges appellee's salesperson showed her the ring and represented that the regular retail price of the ring was $7,379 and that the ring was graded SI for clarity and FG for color. The complaint further alleges appellant received a "certificate of appraisal" stating the replacement value of the ring was $7,379. The complaint also alleges the purchase price was $3,468.13, plus $242.77 tax, for a total of $3,710.90. Finally, appellant's complaint alleges reliance on appellee's advertisements and promotional materials and upon the representations made by appellee's salesperson. However, at the evidentiary hearing, this aspect of appellant's case was not elaborated on. Rather, appellant stated she later had the ring appraised by three other jewelers, who appraised the ring at $5,000, $4,000 and $3,700. Additionally, appellant stated she would have paid $3,400 or even $3,700 had appellee appraised the ring for $5,000. Appellant further alleges she believed the quality of the stone was higher than it actually is. Appellant admits she does not know anyone else who bought diamond rings at Sol Bergman's. Finally, appellant admitted she has read about class action lawsuits.

Based upon the above testimony, the trial court denied class certification and granted appellee's motion for a protective order. Appellant raises two assignments of error for our review. Assignment of Error I is as follows:

"The trial court abused its discretion in denying class certification without affording the plaintiff any opportunity to obtain discovery on class certification issues."

Appellant contends the trial court abused its discretion in denying appellant an opportunity to conduct discovery on class certification issues prior to ruling on appellant's request for class certification. Appellant argues the trial court abused its discretion in granting appellee's motion for a protective order limiting all discovery to that directly relating to the issue of certification of the proposed class and, then, adopting appellee's position that appellant's discovery is not related to class certification. This argument lacks merit.

■ Initially, appellee challenges this aspect of appellant's appeal, arguing that orders relating to discovery of class certification issues are not final, appealable orders. However, it is well established that an order of a trial court, pursuant to Civ.R. 23(C)(1), determining whether an action can be maintained as a class action is a final, appealable order pursuant to R.C. 2505.02. *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, syllabus; and *Roemisch v. Mut. of Omaha Ins. Co.* (1974), 39 Ohio St.2d 119, 68 O.O.2d 80, 314 N.E.2d 386, syllabus. Pursuant to R.C. 2505.02, a final, appealable order is an order affecting a substantial right made in a special proceeding and is resolved through a balancing test which "weighs the harm to the 'prompt and orderly disposition of litigation' and the consequent waste of judicial resources, resulting from the allowance of the appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato,* 67 Ohio St.2d at 258, 21 O.O.3d at 161, 423 N.E.2d at 456.

■ In the present case, the harm to the "prompt and orderly disposition of litigation" and consequent waste of judicial resources resulting from the allowance of the appeal is nil, when compared to the need for immediate review, because appeal after final judgment is not practicable. The issue concerning whether the trial court properly denied appellant's request for class certification is already properly before this court. *Amato, supra; Roemisch, supra.* Further, the issue concerning the trial court's protective order is directly related to the trial court's order concerning class certification. Thus, since the issue of class certification is properly before this court, it is not any greater of a waste of judicial resources for this court to decide the related issue of the trial court's protective order. Finally, although issues related to discovery are generally interlocutory, non-final appealable orders, see *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 57, 63 O.O.2d 88, 90, 295 N.E.2d 659, 660; and *United Methodist Church of Berea v. Dunlop Constr. Prod., Inc.* (July 20, 1989), Cuyahoga App. Nos. 55590 and 56202, unreported, 1989 WL 80979, in the present case, an appeal after final judgment of such order will not be practicable since the issue of class certification will have already been decided by this court. Therefore, any orders relating to discovery of class certification issues will be rendered moot.

■ Consistent with the general principle that discovery operates under the broad discretion of the trial court, questions concerning matters of discovery relating to the presence or absence of class action requirements of Civ.R. 23(A) and (B) rest in the sound discretion of the trial court. See *Greater Cleveland Regional Transit Auth. v. Guzzo* (1983), 6 Ohio St.3d 270, 6 OBR 335, 452 N.E.2d 1314. A trial court's order relating to discovery

matters concerning class certification will not be disturbed absent an abuse of discretion. See, generally, *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 231, 12 OBR 313, 314, 466 N.E.2d 875, 876. "The standard for 'abuse of discretion' is readily defined, albeit broadly, as more than an error law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." *Id.* at 232, 12 OBR at 315, 466 N.E.2d at 877.

In the present case, the trial court wrote, "[t]he discovery sought by plaintiff * * * is a fishing expedition by plaintiff to see if enough purchasers can be found to constitute a class who will claim fraud and unfair treatment. Plaintiff is unable to say positively that at least some purchasers other than plaintiff claimed fraud here." We agree. The record is devoid of other purchasers who could constitute a class claiming fraud and unfair treatment. Indeed, appellant herself is not aware of anyone else who bought a diamond ring at Sol Bergman's. Thus, it cannot be said that the trial court abused its discretion in granting appellee's motion for a protective order.

Therefore, appellant's first assignment of error is overruled.

Appellant's Assignment of Error II is as follows:

"The trial court abused its discretion in denying class certification on the basis of record. [*Sic.*]"

Appellant contends the trial court abused its discretion in denying class certification. This argument lacks merit.

A trial court has broad discretion in determining whether a class action may be maintained, and that determination will not be disturbed absent a showing of an abuse of discretion. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus. The burden of establishing that a case may appropriately be treated as a class action rests on the party bringing suit. *Hanson v. Titan Tiger, Inc.* (Jan. 14, 1988), Cuyahoga App. No. 53250, unreported, at 5, 1988 WL 3752; *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 8 O.O.3d 217, 375 N.E.2d 1233.

"A trial judge must make seven affirmative findings before a case may be certified as class action. Two prerequisites are implicitly required by Civ.R. 23, while five others are specifically set forth therein." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph one of the syllabus.

Civ.R. 23 implicitly requires that an identifiable class must exist before certification is permissible and that the class representative must be a member of the class. *Id.* at 96, 521 N.E.2d at 1096. Further, Civ.R. 23(A) sets forth four express prerequisites as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there were questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Finally, a trial court must find that one of the three Civ.R. 23(B) requirements is met before a class may be certified. *Warner, supra,* 36 Ohio St.3d at 94, 521 N.E.2d at 1094. Appellant's theory in the present case proceeds under Civ.R. 23(B)(3), which provides:

"*Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition: " * * *

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy * * *."

Civ.R. 23(B)(3) requires two findings by the trial court: "that the common questions predominate over questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Professor Miller states, " '[t]he key should be whether the efficiency and economy of common adjudication outweigh the difficulties and complexities of individual treatment of class member' claims.' " *Warner, supra,* 36 Ohio St.3d at 96, 521 N.E.2d at 1096.

In the present case, the trial court noted, in its order denying appellant's request that this action be maintained as a class action and dismissing Count III of the complaint, that the plaintiff failed to meet her burden of satisfying all the requirements of Civ.R. 23. However, we find it unnecessary to discuss every requisite of Civ.R. 23 since it is clear that appellant has failed to meet the "numerosity" requirement.

With respect to the "numerosity" requirement, the Ohio Supreme Court has noted:

"In construing Civ.R. 23(A)(1), known as the numerosity requirement, courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis. Professor Miller, however, has indicated: '[i]f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and

forty, there is no automatic rule * * *.' " *Warner, supra,* 36 Ohio St.3d at 97, 521 N.E.2d at 1097.

We agree with the trial court's assessment that "it is clear from the statements of counsel and plaintiff herself that they are engaging in speculation, that they are not aware of any other 'purchasers' who claim to have been defrauded or treated unfairly by the defendant." Indeed, the record does not disclose any other purchasers making such claims, and appellant is not aware of anyone else who has ever purchased a diamond solitaire ring from Sol Bergman's.

Having determined that appellant failed to meet her burden concerning the "numerosity" requirement of Civ.R. 23, we need not go any further in overruling appellant's second assignment of error since appellant must demonstrate all seven prerequisites exist before the trial court could have properly certified a class action suit.

Accordingly, the order of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, C.J., concurs.

ANN MCMANAMON, J., dissents.

ANN MCMANAMON, Judge, dissenting.

I respectfully dissent from the resolution of the first and second assignments of error. I believe the trial court abused its discretion in denying class certification without permitting discovery on that issue.

Case law recognizes that discovery may be necessary to support a motion for class certification. See *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 94, 521 N.E.2d 1091, 1094; *Amato v. Gen. Motors Corp.* (1982), 11 Ohio App.3d 124, 130, 11 OBR 203, 210, 463 N.E.2d 625, 631, fn. 8; *Oppenheimer Fund, Inc. v. Sanders* (1978), 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253, 265, fn. 13. In *Warner, supra,* 36 Ohio St.3d at 94, 521 N.E.2d at 1094, the Supreme Court stated, "typically, there is a hearing [to determine class certification], accompanied by extensive documentation, depositions, admissions, interrogatories, affidavits and oral testimony." Rulings on discovery motions as well as class certification motions are left to the sound discretion of the trial judge. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249; *Rossman v. Rossman* (1975), 47 Ohio App.2d 103, 1 O.O.3d 206, 352 N.E.2d 149. An abuse of discretion implies "an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." *Marks, supra,* 31 Ohio St.3d at 201, 31 OBR at 399, 509 N.E.2d at 1252.

In the instant case, the trial court held a hearing on plaintiff's Civ.R. 23 certification motion before permitting discovery. At this proceeding, the court told the plaintiff and her attorney:

"THE COURT: You see, there is a danger here, in that someone outside of the legal profession might feel that lawyers bring these class actions for their own benefit and not for the benefit of the members of the class, and that's always a danger and something we would not want the public to perceive, and so it would seem to me that you would be better advised to ascertain from your client exactly what it was that she had before we invade the province of a business, which I don't know how long it's been in business, but I presume it's been there a long time, and as you say, it has three stores, and it's entitled to a presumption at least that it's a reputable place. I've never been there.

"* * * *

"THE COURT: * * *

"The rule, as I understand it, which underlies the filing of every complaint or the filing of every lawsuit, is that the Plaintiff must have a case and be able to establish a case and not simply make allegations against reputable people or reputable businesses and then march into the premises of a presumably reputable Defendant and proceed to search the place.

"* * * *

"MR. SCHULMAN: We don't dispute that, Your Honor.

"However, the rule also is that the Plaintiff is not required to have all of its documentary evidence in place before it files.

"In this case, we had no source of that information, other than the Defendant, and we've asked them for it. They refused to produce it.

"THE COURT: Well, what you're saying here is that on the basis of a claim made by a disgruntled customer, I presume a disgruntled customer, you proceed and put the Defendant, again, giving them the benefit of the doubt, a presumably reputable business, to the task of proving her case, which she can't prove it [sic] herself?

"MR. SCHULMAN: No, I don't agree with that, Your Honor.

"THE COURT: Well, isn't that what you're doing?

"MR. SCHULMAN: Well, Your Honor—

"THE COURT: I mean, you make allegations here.

"You know what happened to the medical profession when lawyers proceeded to make allegations against them and they ultimately had to dismiss or be dismissed in such a large proportion of the cases, that the Legislature and insurance industry and medical profession and everybody else got all excited

about the whole thing, and in a lot of ways our profession didn't come out looking too good.

"Now we have a situation where a disgruntled customer, I presumed she's disgruntled, buys a ring and searches for a reason to rescind the contract or— well, did she ever go back to them and ask them to rescind it, give her money back?

"* * *

"THE COURT: Just because you have one disgruntled customer, I don't know that one disgruntled customer is privileged, even under the broad provisions of our class action rule, to go in and invade a legitimate business and force them to divulge all of that.

"MR. SCHULMAN: Well, we need that, Your Honor, and we've asked for that, and in granting the protective order, I assume that you've decided we can't get it.

"THE COURT: I don't think you're privileged to go in and get it. I don't think you can take one disgruntled customer and disrupt an entire business that's been here for many years.

"And there are no allegations that it's one of these telemarketing-type operations, where everybody knows they're high rollers and fast-buck people.

"As you stated, they have three stores. I know that one of them is in the Great Northern Shopping Center. I don't know, do they still have the one over on Prospect?

"MR. BRAVO: No.

"THE COURT: No. I haven't been up there for a while.

"MR. SCHULMAN: Your Honor, I just feel as though you've decided that we can't find out about this information because they're already determined to be a reputable business.

"We need to get this information in order to prove they are not a reputable business.

"THE COURT: Don't misunderstand me. I'm just talking off the top of my head here so that you will have some idea of at least how this one individual is thinking.

"And I found out pretty much I think the way jurors think and other judges think, and I think you ought to know that.

"I don't think that the law requires—you know, business today is so put upon by Government through regulations, taxes, all of these agencies that are brought to bear upon ordinary little businesses from the State, local and Federal Governments, that for a Court now to order them to open their books

and spend all this time because one lady feels that, although she likes the ring and she feels that she got a good value on it, she didn't get as much of a good value as she thinks she ought to have gotten and she thinks that Sol Bergman would not have priced this as high as they said they would.

"Well, that's only her guess at that, and I don't know that that is sufficient to require Sol Bergman to, as I say, submit to a search, a virtual search and seizure of its trade secrets, its business records and so on.

"As I said, we require a lot more than that when a judge signs a search warrant to authorize a search in a known drug house. The police have to have more than that.

"And so as I say, I haven't made a decision on this. I'm just giving you my immediate impression. Perhaps when I read your brief and the case law that you have cited I will say, 'well, the law is on your side here,' and that will be it.

"But class actions, I remember when they came on the scene—we can go off the record here."

The trial court appeared to believe that the defendant was entitled to a presumption that it was a "reputable business" and, therefore, the plaintiff was foreclosed from any discovery. Furthermore, the trial court clearly displayed an arbitrary attitude toward the plaintiff. In this regard, the court abused its discretion. Without discovery, the plaintiff was precluded from supporting her class certification motion. For example, in denying the Civ.R. 23 motion, the court stated that plaintiff and her attorney " * * * are not aware of any other 'purchasers' who claim to have been defrauded or treated unfairly by the defendant." See trial court's journal entry dated October 9, 1989 at page 2.

In *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 12 OBR 313, 466 N.E.2d 875, the Supreme Court noted, "as a practical matter many potential claimants would never realize they were entitled to pecuniary redress * * *." *Id.* at 234, 12 OBR at 317, 466 N.E.2d at 878. The court went on to state:

"If we were to accept the Court of Claims hypothesis that alleged class members must have either sought intervention prior to class certification or have initiated a compensable suit before class action certification we would create a 'Catch 22' to preclude all class actions. Someone has to initiate a suit for the first time. By saying, in effect, that no suit can be filed until that suit has already been filed is illogical and unreasonable. Such a result is contrary to the basis for Civ.R. 23 and contravenes the intent behind class actions." *Id.* at fn. 2.

Only after discovery will the plaintiff in this case be able to identify those individuals who purchased rings during the "half-price" sale.  As to the other Civ.R. 23 factors, the trial court's ruling also was premature.  Whether common questions of fact and law exist, and whether a class action is a superior vehicle can be determined only after the plaintiff obtains discovery.

I would reverse the trial court's ruling, and remand for discovery and reconsideration of the class certification issue.  I note that, on remand, the court could narrow the discovery requests to address only those documents relevant to the class issues.