OPINION
Plaintiff-appellant Wendy J. Podany appeals from the trial court order that denied her Civ.R. 23 motion to certify her case as a class action.
In her assignments of error, appellant argues the trial court applied an improper standard when it determined she had failed to meet her burden to prove the numerosity of the class and further argues the trial court erred in failing to consider an affidavit filed in support of certification. This court has reviewed the record and determines the trial court's actions were appropriate; therefore, its order is affirmed.
In August 1996, since appellant desired to purchase a home, she contacted a real estate agent to assist her in the process. When appellant decided on a property, the real estate agent recommended the name of a "loan originator,"[1] Ray Hackenberg, who could aid appellant in obtaining financing for the purchase.
Appellant contacted Hackenberg, completed an application provided by him, and paid him a fee. Thereafter, Hackenberg "checked out a lot of different places" seeking a loan for appellant. Hackenberg eventually contacted defendant-appellee Real Estate Mortgage Corporation. Following some negotiations, appellee agreed to provide a real estate loan to appellant. A separate company, defendant-appellee Real Estate Mortgage Corporation Escrow Co., was to handle the escrow requirements in connection with appellant's purchase of the property.[2]
On September 16, 1996 appellees provided appellant with a document entitled "Good Faith Estimate of Borrower's Settlement Costs." The document stated in part as follows:
 The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates. The actual charges may be more or less. Your transaction may not involve a fee for every item listed.
 The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will be receiving at settlement. The HUD-1 or HUD-1A settlement will show you the actual cost for items paid at settlement.
Section 1200 of the document was entitled "Government Recording and Transfer Charges." Line 1201 indicated "Recording Fees" were estimated to be in the amount of $90.00. Appellant signed the document.
The "closing" took place on October 11, 1996. Hackenberg and REMC's loan representative presented appellant with an "amazing array of documents," i.e., standard real estate transaction forms provided by appellees. Appellant read each document, asked questions regarding some of them, and then signed them.
Among the documents appellant signed were the following: (1) a "Truth-In-Lending Disclosure Statement," which indicated the loan included "Filing Fees" in the amount of $90; (2) an "Open-End Mortgage"; (3) an "Adjustable Rate Note," which indicated appellant's understanding that "the Lender may transfer this Note"; and (4) the final "Settlement Statement."[3] The second page of the final settlement statement was entitled "Settlement Charges"; it indicated on Line 1201 two "Recording Fees" were paid from appellant's funds at settlement, viz., a fee in the amount of $14 for the "Deed" and a fee in the amount of $66 for the "Mortgage." Thus, the recording fees charged to appellant totalled only $80 rather than the estimated $90.00. Appellant was aware that appellee REMC did not, itself, "hold mortgagees." She signed a document acknowledging that appellee had assigned her mortgage to "Ohio Savings."
Appellant also signed a form entitled "Standard Conditions and Acceptance of Escrow." The form stated REMCEC had received some instructions for escrow in the real estate purchase agreement. Furthermore, the following sentence appeared in paragraph 8 of the form:
 Buyer authorizes and shall be chargeable with the costs of the following items: one-half escrow fee; costs of recording deed and Buyer's mortgage or mortgages; special tax search; title commitment and any item of additional expense required by the Buyer or his mortgagee not otherwise provided for herein. The cost of any extraordinary service shall be borne by the parties benefited thereby. (Emphasis added.)
On September 23, 1997 appellant filed a class action complaint against appellees in the Cuyahoga County Court of Common Pleas. Appellant asserted she brought the action on her own behalf and on behalf of "all others who were charged mortgage assignment recording fees since August 18, 1988 — where [appellees] served as their escrow agent."
In her complaint, appellant alleged that appellees made mortgage loans and acted as escrow agents for the plaintiffs and, further, that appellees "wrongfully charged" plaintiffs an extra fee for recording appellees' subsequent assignment of the plaintiffs' mortgages to other lenders. Appellant estimated the undisclosed extra charge to be "$14 in each transaction." Appellant asserted claims against appellees for breach of express contract, breach of fiduciary duty, unjust enrichment, and violation of Ohio's Consumer Sales Practices Act.
On October 22, 1997 appellees answered appellant's complaint with denials of the pertinent allegations. Two days later, appellant filed her motion for class certification; she subsequently, on December 8, 1997, filed a brief in support of her motion. Appellant asserted in her brief that although borrowers from appellees had contracted to pay fees to record their mortgages, they had not contracted to pay fees to record appellees' assignments of their mortgages to other lenders. Appellant argued the instant action met all the requirements for a class action set forth in Civ.R. 23. In support of her argument, she attached as an exhibit to her brief appellees' response to her first Request for Admissions. Therein, appellees admitted the following:
 That Real Estate Mortgage Corp. Has (sic) been a party to at least 1,000 residential mortgage loan transactions since January 1, 1994 in which:
 • real estate mortgages were assigned by Real Estate Mortgage Corp. to others, and
 • Real Estate Mortgage Corp. or Real Estate Mortgage Corp. Escrow Co. charged borrowers the amounts of the government recording fees for recording the assignments of these mortgages, and
 • the assignment recording fee amounts were included on line 1201 of each borrower's HUD-1 Settlement Statement and identified as Government "Recording Fees" for "Mortgage."
Appellant also attached her affidavit, in which she averred that: she was the "representative plaintiff," the allegations of the complaint were "true," she intended to "pursue damages" from appellees on her own behalf and on behalf of all others similarly situated and would attempt to "get the highest recovery for class members," she knew of no similarly-situated person with "interests antagonistic to [hers]," and finally that she "ha[d] the qualifications necessary to serve as an adequate class representative."
Appellees responded with a brief in opposition to the motion. They supported their brief with several documentary exhibits, including affidavits, copies of the documents signed by appellant at the time of the closing of the real estate purchase, and portions of appellant's deposition testimony.[4]
Appellees argued in their brief that appellant could not meet her burden of establishing each requirement for class certification set forth in Civ.R. 23. In particular, they contended their admission that they had charged recording fees to over one thousand borrowers was insufficient to establish the initial requirement, viz, numerosity, since no one other than appellant had complained of appellees' actions. They further contended since appellant admitted she would have proceeded with the transaction even if she had been specifically informed of the assignment fee, appellant could not establish two other requirements, viz, typicality and adequate representation.
Appellant responded with a reply brief in support of her motion. Therein, she argued that appellees' admissions, together with the copies of the standard contract forms signed by appellant in connection with the transaction, were sufficient to demonstrate the numerosity of the class. She further reiterated her assertion that since she had no "conflict" with any members of the class, she established both typicality and adequacy of her representation.
Appellant also filed a motion for leave to file an amended complaint, seeking to "modify" her previous class definition. Appellant now sought to bring the action on behalf of herself and:
 * * * all other borrowers who were charged mortgage assignment recording fees since August 18, 1988 — where Real Estate Mortgage Corp. Escrow Co. or Real Estate Mortgage Corp. served as the escrow agent — where
 • the fee was not included in the borrower's escrow contract with either defendant,
 • the fee was not separately identified on the borrower's HUD-1 Settlement Statement, or
 • the fee was not included in the Truth in Lending Act (TILA) "finance charge" disclosed by Real Estate Mortgage Corp. to the borrower.
 Excluded from the class are defendants' officers, employees, agents, directors, and shareholders
Thereafter, appellees obtained leave from the trial court to file a surreply brief to appellant's motion for class certification. Appellees attached to their brief a copy of a HUD Settlement Statement they had provided to a borrower in 1995 that specifically listed the "Recording of [Mortgage] Assignment" as a fee paid from the borrower's funds at settlement. Appellees argued that since the fee thus was disclosed in some transactions since 1988, appellant could not demonstrate the requirement that common questions of law or fact existed among the class members. Relying upon this court's decision in Burrell v. Sol BergmanEstate Jewelers, Inc. (1991), 77 Ohio App.3d 766, appellees also reiterated their argument that without proof that another borrower claimed to have been wronged by appellees' actions, appellant could not demonstrate even the first requirement of Civ.R. 23.
Soon thereafter, appellant filed a "supplement" to her reply brief. She attached thereto the affidavit of Doris Tretiakow, who asserted, upon personal knowledge, the following: (1) she was issued a residential mortgage by REMC that was escrowed by REMCEC; (2) she was "charged a $14.00 assignment recording fee"; and (3) she believed she should not have been charged the fee because it was not included in the escrow contract, it was not separately identified on her settlement statement, and it was not included in the "finance charge" disclosed to her by REMC.
The record reflects that upon the filing of appellant's supplemental brief, over appellant's objection, appellees deposed Tretiakow. Subsequently, appellees filed a motion to strike her affidavit. Appellees argued the affidavit was "falsely given" since Tretiakow's deposition testimony proved she lacked personal knowledge of the facts set forth in the affidavit. Appellees attached as an exhibit to their brief in support of their motion the relevant portion of Tretiakow's deposition testimony.
Appellant filed an objection to the motion, arguing the trial court could not consider the portion of Tretiakow's deposition testimony attached to appellees' brief. Citing Civ.R. 30(F), appellant asserted that since appellees had not filed the complete transcript, their exhibit should be stricken from the record.
Appellant also filed a brief in opposition to appellees' motion to strike. She attached thereto two exhibits: (1) a portion of Tretiakow's deposition testimony and (2) a second affidavit from Tretiakow. In this new affidavit, Tretiakow averred she was "confused" during her deposition but "had knowledge [of] all facts in [her] [first] affidavit when [she] signed it * * * after reviewing papers from [her] loan and escrow transactions with [appellees]."
On August 19, 1998 the trial court held a hearing on appellant's motion for class certification. The trial court listened to the arguments of counsel and also admitted as exhibits into evidence both appellees' admission that they had "been a party to over 10,000 escrow transactions" and the final settlement statement provided to appellant by appellees.
Thereafter, the trial court granted appellees' motion to strike the affidavit of Tretiakow, granted appellant's motion for an order that her requests for admissions from appellees be deemed admitted, and granted appellant's motion for leave to file her amended complaint.
That same day, however, the trial court issued its opinion and order denying appellant's motion for class certification. The trial court set forth the facts of the case, including appellant's alternative claims as set forth in both her initial and her proposed amended complaint, examined the relevant legal standards, and determined appellant had not satisfied the numerosity requirement of Civ.R. 23(A)(1).
The trial court stated that Tretiakow's affidavit was not competent evidence to demonstrate other customers of appellees had "complained or otherwise come forward about the Recording Fees." The trial court further stated that without such evidence, appellant had failed to meet her burden of proof; therefore, it was unnecessary to consider the case in light of the remaining requirements of Civ.R. 23. Appellant's motion, accordingly, was overruled.
Appellant has filed a timely appeal from the trial court's order pursuant to R.C. 2505.02(B)(5). She presents six assignments of error for review. Since appellant's assignments of error are both interrelated and not argued separately as required by App.R. 16(A)(7), they will be addressed in logical order and together where necessary.
Appellant's fourth and fifth assignments of error are argued together; they state:
 IV. THE TRIAL COURT ERRED IN NOT GRANTING PODANY'S UNOPPOSED MOTION TO STRIKE EXHIBIT B ATTACHED TO APPELLEES' MOTION TO STRIKE AFFIDAVIT OF DORIS TRETIAKOW.
 V. THE TRIAL COURT ERRED IN STRIKING A POTENTIAL CLASS MEMBER'S AFFIDAVIT THAT COMPLAINED ABOUT THE SAME MISCONDUCT THAT PODANY WAS SUBJECTED TO.
Appellant asserts the trial court could not consider the portion of Tretiakow's deposition testimony provided by appellees, arguing that it was submitted in contravention of Civ.R. 30(F). Appellant further asserts the trial court improperly granted appellees' motion to strike Tretiakow's first affidavit. Neither of appellant's assertions is supportable.
Civ.R. 30(F) provides only the mechanism by which testimony and exhibits obtained by a party during a deposition may be certified and filed with the court. It therefore clearly is inapplicable to appellant's argument.
Civ.R. 32 actually is the one which is appropriate to appellant's objection; it states in relevant part as follows:
RULE 32. Use of depositions in court proceedings.
 (A) Use of depositions. Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.
 At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition, or who had reasonable notice thereof, in accordance with any one of the following provisions:
 (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
* * *
 (4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.
* * *
 (B) Objections to admissibility. Subject to the provisions of subdivision (D)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. Upon the motion of a party, or upon its own initiative, the court shall decide such objections before the deposition is read in evidence.
(Emphasis added.)
A trial court's decision in a Civ.R. 32 matter may be overturned only upon a demonstration it abused its discretion.Evans v. Smith (1991), 75 Ohio App.3d 160 at 165; Armstrong v.Diamond Shamrock Corp. (1982), 7 Ohio App.3d 296 at 301. A review of the record in this case, however, supports the trial court's decision to consider the portion of Tretiakow's deposition testimony submitted by appellees.
First, appellant was unable to object to Tretiakow's deposition testimony pursuant to Civ.R. 32(B) and (D)(3) since Tretiakow was appellant's witness, Tretiakow was competent, and no apparent technical violations occurred at the taking of the deposition. Therefore, the portion of deposition testimony submitted by appellees was competent evidence in the case. Evid.R. 104(A).
Second, appellant did not pursue her Civ.R. 32(A)(4) remedies; she neither required appellees to file the complete deposition nor sought to do so herself. See, also, Evid.R. 106.
Finally, in view of the fact that appellant, herself, introduced a portion of Tretiakow's deposition testimony to support her argument in favor of class certification, appellant cannot now argue that the trial court could not properly consider the evidence. Meszar v. Bowen Implement Co. (1992), 122 Ohio App.3d 141.
The trial court did not err, therefore, in considering the evidence offered by appellees in support of their motion to strike Tretiakow's affidavit.
Similarly, the trial court did not abuse its discretion in granting appellees' motion to strike Tretiakow's affidavit. A review of the relevant portions of Tretiakow's deposition testimony submitted by both parties demonstrates she lacked any personal knowledge of the facts set forth in her affidavit, viz, that she was "wrongfully charged" a $14 mortgage assignment fee by appellees that was neither included in the escrow contract, separately identified in the settlement statement, nor included in the "finance charge" disclosed to her by appellees. Since she lacked personal knowledge of the facts set forth therein, Tretiakow's affidavit could not be considered by the trial court in ruling upon appellant's motion for class certification. Evid.R. 602.
For the foregoing reasons, appellant's fourth and fifth assignments of error lack merit. They are accordingly overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT ONLY PODANY COMPLAINED ABOUT THE APPELLEES' MISCONDUCT.
Appellant argues that Tretiakow's second affidavit cured any deficiency that existed in her first; therefore, the trial court erred when it determined appellant failed to present any evidence that others had come forward to complain of appellees' conduct.
A review of both of Tretiakow's affidavits in conjunction with her deposition testimony, however, reveals no substantive difference between the two affidavits. Moreover, Tretiakow's deposition testimony directly contravenes any subsequent assertion that she had personal knowledge of the facts contained in her first affidavit. Evid.R. 104(B).
Therefore, the trial court did not err in determining appellant had failed to present evidence demonstrating other potential members of the class had come forward to complain of appellees' conduct.
Accordingly, appellant's third assignment of error also is overruled.
Appellant's first, second and sixth assignments of error state:
 I. THE TRIAL COURT ERRED IN RULING THAT, BEFORE CIV.R. 23(A)(1)'S NUMEROSITY REQUIREMENT CAN BE ESTABLISHED, A CLASS REPRESENTATIVE MUST DEMONSTRATE THAT OTHER POTENTIAL CLASS MEMBERS HAVE ACTUALLY COMPLAINED OR COME FORWARD TO CHALLENGE THE ALLEGED MISCONDUCT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT PODANY FAILED TO ESTABLISH THAT THE PROPOSED CLASS IS SO NUMEROUS THAT JOINDER IS IMPRACTICABLE.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PODANY'S MOTION FOR CLASS CERTIFICATION.
In these assignments of error, appellant argues she met the requirements of Civ.R. 23 and, therefore, the trial court improperly denied her motion for class certification. In particular, appellant contends the trial court set an improper standard for her to meet with regard to the numerosity requirement. Appellant's argument lacks merit.
It is axiomatic that trial courts have broad discretion in determining whether to certify a case as a class action. Marks v.C.P. Chem. Co. (1987), 31 Ohio St.3d 200, at syllabus. It follows, therefore, that unless a trial court abuses its discretion, its order must be affirmed. Id. An abuse of discretion is more than a mere error of judgment; rather, it implies an attitude on the trial court's part that is unreasonable, arbitrary or unconscionable. Ojalvo v. Bd. ofTrustees of Ohio State Univ. (1984), 12 Ohio St.3d 230.
A finding of an abuse of discretion in a trial court's refusal to certify, moreover, must be made cautiously. Marks v. C.P.Chem. Co., supra at 201. Thus, where it is apparent the trial court carefully applied the class action requirements, conducted a rigorous analysis into whether they had been satisfied, and cogently articulated its reasons for making its finding, its order should be affirmed. See, e.g., Hamilton v. Ohio Sav. Bank
(1998), 82 Ohio St.3d 67.
Additionally, there are clear standards for the review of a trial court's decision on a motion for class certification.Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91. A trial court must make seven affirmative findings before a case may be certified; five are explicitly set forth in the rule. Id.; Civ.R. 23(A) and (B). The failure of a trial court to find, by a preponderance of the evidence, that each is met will result in the denial of the motion for certification. Warner, supra at 94.
Civ.R. 23(A) states:
RULE 23. Class actions
 (A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(Emphasis added.)
In this case, the trial court based its denial of appellant's motion upon a finding that appellant had failed to prove the first requirement explicitly set forth in Civ.R. 23(A), often referred to as the "numerosity" requirement. The trial court cited this court's opinion in Burrell v. Sol Bergman EstateJewelers, Inc. (1991), 77 Ohio App.3d 766 as authority for its decision. A review of the trial court's opinion and order fails to demonstrate it abused its discretion in this matter.
Courts have been reluctant to establish specific numerical limits for the necessary size of a class; instead, a determination of whether the proposed class is so numerous that joinder of all members is impractical is made on a case-by-case basis. Warner, supra at 97; Marks v. C.P. Chem. Co., supra at 202. The mere "possibility" that members of a class exist, however, has been held to be insufficient. Burrell v. Sol BergmanEstate Jewelers, Inc., supra; Curry v. Shell Oil Co. (1996),112 Ohio App.3d 312 (appeal not allowed [1996], 77 Ohio St.3d 1494). Rather, the movant must provide evidence that a number of people have been harmed by the nonmovant's actions. Warner, supra at 93.
Appellant seeks to distinguish this case from Burrell by insisting she provided evidence of numerosity in the form of appellees' admissions; however, appellees' admissions that they had engaged in many real estate transactions that had theprobability of falling into the proposed class definition demonstrated only the possibility of potential class members.Currey v. Shell Oil Co., supra. Appellant was required to prove by a preponderance of the evidence a significant number of buyers harmed by appellees actually existed. Brooks v. Personal ServiceInsulating Co. (Oct. 23, 1998), Hamilton App. No. C-980116, unreported.
It is important to note in this context that this case provides facts that are even more compelling than those set forth inBurrell. Unlike the appellant in Burrell, appellant in this case, prior to the hearing on class certification, was provided withdiscovery. Appellant's counsel stated at the hearing that he "personally went through [appellees'] files" and had examined a random sampling of "100 files." In spite of this, appellant could produce not one competent witness who claimed to have been harmed by appellees' actions. Cf., Pusey v. Mahoning Valley MemorialPark (Sep. 14, 1993), Mahoning App. No. 93 C.A. 26, unreported.
Moreover, although appellant asserts the trial court set an impermissible standard for proof of the numerosity of the class, her assertion is unsupported by the trial court's opinion.
An examination of the trial court's cogent reasoning reveals it did not require others in the proposed class to have either filed their own action or sought to intervene. See, e.g., Ojalvo v. Bd.of Trustees of Ohio State Univ., supra at 234, footnote 2;Hamilton v. Ohio Sav. Bank, supra at 75-76.[5] Rather, the trial court simply required that appellant not engage in "speculation" as to the existence of other members of a class of persons harmed by appellees' actions. Burrell, supra at 773; cf.,Pusey v. Mahoning Valley Memorial Park, supra.
The trial court's careful analysis after an oral hearing of the facts, the evidence, and the applicable legal standards as set forth in its opinion and order fails to reveal that an arbitrary, unreasonable or unconscionable attitude led to its decision to deny appellant's motion for class certification; therefore, this court cannot find the trial court abused its discretion when it determined appellant failed to meet the numerosity requirement of Civ.R. 23(A)(1). Currey v. Shell Oil Co., supra; Burrell v. SolBergman Estate Jewelers, Inc., supra; cf., Ojalvo v. Bd. ofTrustees of Ohio State Univ., supra; Shaver v. Standard Oil Co.
(1990), 68 Ohio App.3d 783. Since appellant's failure to meet her burden to establish this requirement precludes class certification, this court need not proceed further in the analysis of whether appellant met the remaining prerequisites of a successful motion for class certification. Warner Waste Mgt.,Inc., supra, syllabus 1; Burrell, supra.
Accordingly, appellant's first, second and sixth assignments of error are overruled.
The order of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J. CONCURS.
 DIANE KARPINSKI, P.J. DISSENTS (See separate Opinion)
[1] Quotes are taken from documentary material filed in the trial court.
[2] As they were in the trial court, defendants-appellees hereinafter will be referred to either simply as "appellees" or as "REMC" and "REMCEC."
[3] This form is provided by the U.S. Department of Housing and Urban Development ("HUD").
[4] Appellees subsequently filed appellant's deposition in the trial court.
[5] Appellant cites both of these cases as authority for her contention that the trial court set an improper standard for proof of numerosity. This court notes, however, that although there was only a single plaintiff in Ojalvo, that case involved an employment situation in which other class members might be inhibited from coming forward to complain of the defendant's actions. Moreover, three plaintiffs brought suit in Hamilton. Thus, these cases are distinguishable from the instant case on their facts.