I respectfully dissent. As the majority notes, Podany showed through discovery that there had been at least 1,000 residential mortgage loan transactions since January 1, 1994 which share the following characteristics: (1) real estate mortgages like Podany's were assigned to others; (2) the appellees charged the borrowers for the assignment recording fee; and (3) the appellees did not separately identify the assignment recording fee for their borrowers. The majority, nevertheless, concludes that under our decision in Burrell v. Sol Bergman Estate Jewelers, Inc.
(1991), 77 Ohio App.3d 766, "[t]he mere `possibility' that members of a class exist" is insufficient to show numerosity because the class action proponent must additionally "provide evidence that a number of people have been harmed by the nonmovant's actions." Ante, at 19 (citing Warner v. WasteManagement, Inc. (1988), 36 Ohio St.3d 91). I cannot agree.
First, I believe Podany's showing that there were at least 1,000 other similarly situated borrowers satisfied the numerosity requirement. Warner itself supports this conclusion:
 In construing Civ.R. 23(A)(1), known as the numerosity requirement, courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis. Professor Miller, however, has indicated: "[i]f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * *."
 In this action, there are more than five hundred possible class members. The trial court, on remand, may deem this element satisfied.
Warner, 36 Ohio St.3d at 97 (emphasis added) (quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 22).
I believe the majority errs when it declares Podany's numerical showing insufficient because it showed only the mere "possibility" that other potential class members were adversely affected by the appellees' business practices. Warner, supra, shows that the mere "possibility" of numerous other prospective class members is sufficient to satisfy the numerosity requirement. More recently, in Hamilton v. Ohio Savings Bank
(1998), 82 Ohio St.3d 67, the court reached the same conclusion:
 In this action, there are at least two thousand seven hundred possible class members. This number alone is sufficient to establish that the class is so numerous that joinder of all members is impracticable.
Hamilton, 82 Ohio St.3d at 75 (emphasis added).
Second, I believe the majority's declaration that the movant must additionally prove that some unspecified number of prospective class members also claimed to have been harmed by the appellees' actions is contrary to law and misguided in fact. Nothing in Civil Rule 23 imposes this additional burden. Indeed, the Ohio Supreme Court's decision in Hamilton shows that supposed "class apathy," as evidenced by the absence of other complaints, does not negate numerosity, particularly when those prospective class members are unaware that they may have been cheated:
 [T]he letters sent by Ohio Savings failed to inform its customers that an action had been commenced on their behalf, let alone the allegations made. To the contrary, it informed these borrowers that they had been benefiting from an underpayment, and gave them an option of increasing the monthly payment or extending the contractual term. We cannot accept that these borrowers remained apathetic to class participation in the face of a letter that not only failed to inform them of a class action, but, to the contrary, implied that they had retained funds to the detriment of Ohio Savings.
Hamilton, 82 Ohio St.3d at 75. Considering that the "apathy" of the borrowers in Hamilton, who at least received some kind of notice, was not fatal to numerosity, I do not understand how the absence of complaints by other borrowers here, who apparently have no notice of this matter, should defeat Podany's numerosity showing.
The instant case is readily distinguishable from Burrell,supra, decided seven years before Hamilton. The plaintiff inBurrell, who was denied discovery, was consequently unable toshow that anyone else had ever purchased a diamond solitaire ring from Sol Bergman's. Burrell's inability to show that there existed any similarly situated purchaser seemingly would have been sufficient by itself to find a lack of numerosity; the court's additional observation that no one else claimed to have been defrauded or treated unfairly would appear to be both obvious and unnecessary. By contrast, Podany's showing that there were in excess of 1,000 other similarly situated borrowers shows that her prospective class was more than mere "possibility." With such a sizable class that the appellees admit share three critical characteristics, no more is necessary to demonstrate numerosity.
The lesson this case teaches is that the more deceptive the business practice, the less likely that ordinary consumers will notice or complain and thus the less likely that allegedly unfair practices will be exposed. Considering the daunting challenge individual consumers already face when contesting such business practices, imposing this new additional burden will only serve to discourage others from even attempting to shine a light on questionable business practices. I cannot believe that Ohio law sanctions this result.
As the Supreme Court has instructed, these cases must be decided on a case-by-case basis and courts are obliged to "conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Hamilton, supra,82 Ohio St.3d at 70. I do not believe that elevating Burrell's gratuitous dictum to the status of a prima facie element is consistent with this command. If Burrell is correctly understood to impose this additional burden, then I question whether that remains true in light of the Ohio Supreme Court's decision in Hamilton.
Finally, I cannot agree that Doris Tretiakow's affidavits were, unworthy of any consideration notwithstanding her apparent inability to articulate in deposition why the appellees' assignment recording charges were improper. This witness was offered to attest to the fact that Podany was not alone in questioning the appellees' practices. She was not offered to prove that the appellees' practices were wrong, so her inability to analyze the legal merits of the appellees' practices is hardly grounds to preclude Podany from asserting claims on behalf of others like Tretiakow, claims which otherwise might never be pursued. While supposed conflicts between Tretiakow's affidavits and her deposition testimony may be fair game for cross-examination, I cannot agree that those conflicts mandate exclusion of her evidence for the purpose of determining numerosity.
Because I believe Podany established the numerosity requirement under Civ.R. 23, the only requirement the lower court considered in denying her class action status, I would reverse the judgment. Accordingly, I respectfully dissent.