JOURNAL ENTRY AND OPINION
This is an appeal from the trial court's order denying a motion for class certification. Plaintiffs-appellants Diane Mundell, Margaret Rampley, David Lapanza, Mary Lou Lavelle and John and Ruth Doran (hereinafter collectively referred to as "Appellants"), on behalf of themselves and a proposed class of similarly situated persons, brought an action against eight separate defendants, including, Landstyles Landscaping, Inc., East Ohio Gas Company, Fisher Controls International, Kings Path Condominium Association, and Realty One Property Management Division, alleging injuries and damages resulting from a fire which occurred at the Kings Path Condominium Complex on July 30, 1997. Upon review, we conclude that the trial court did not abuse its discretion when it denied class certification and affirm the judgment of the trial court.
The record before us reveals the following facts: Kings Path Condominium Complex ("Kings Path") is located in North Olmsted, Ohio. Kings Path Condominium Association ("KPCA") and Realty One Property Management Company ("Realty One") were responsible for maintaining the property at Kings Path. As part of their duties, KPCA and Realty One hired Landstyles Landscaping, Inc. ("Landstyles") to perform landscaping duties at Kings Path.
East Ohio Gas Company ("East Ohio") provides natural gas transportation service to the Kings Path complex. The gas service equipment includes a manifold, a gas service regulator, and a relief valve. The regulator used by East Ohio was designed and/or manufactured by Fishers Control International, Inc.
On July 30, 1997, an employee of Landstyles was mowing the lawn at Kings Path when he struck a gas regulator at the complex. The regulator broke and immediately caused a number of fires within the building, causing extensive fire-related damage.
In October of 1997, the first lawsuit relating to the Kings Path fires was filed.[1] Subsequently, thirty-one other cases alleging damages arising out of the Kings Path fires were filed on behalf of approximately ninety owners of condominium units, tenants, KPCA, and numerous insurance companies. On July 27, 1999, the appellants herein filed their case. All of the individual cases were consolidated by the trial court in August and September of 1999.
On January 19, 2000, appellants moved for class certification pursuant to Civil Rule 23. The class of potential plaintiffs consists of those who rented, leased, lived, owned or had an ownership interest in any of the condominium units in the Kings Path complex. Oral hearings on class certification were held by the trial court on May 24, 2000 and June 1, 2000. On October 10, 2000, the trial court denied the Motion for Class Certification. It is from that decision that appellants appeal and raise one assignment of error for our review.
 I. THE TRIAL COURT COMMITTED ERROR BY DENYING THE APPELLANTS' MOTION FOR CLASS CERTIFICATION.
Appellants argue that the trial court abused its discretion in denying the class certification since the record reflects that all of the requirements for class certification have been satisfied. In turn, appellees assert that the matter has been properly adjudicated.
A trial court has broad discretion in determining whether to certify a case as a class action. Marks v. C.P. Chemical Co. (1987),31 Ohio St.3d 200. An appellate court will not reverse a class action determination absent an abuse of discretion. Id. An abuse of discretion is more than a mere error of judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984), 12 Ohio St.3d 230,232.
A trial court which "routinely handles case-management problems is in the best position to analyze the difficulties which can be anticipated in litigation of class actions." Marks at 201. Thus, where a trial court carefully applies the class action requirements, conducts a rigorous analysis into whether they have been satisfied, and cogently articulates its reasons for making its finding, its order should be affirmed. See, e.g., Hamilton v. Ohio Sav. Bank, supra.
Before an action may be certified as a class action, the trial court must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable ("numerosity"); (4) there must be questions of law or fact common to the class ("commonality"); (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); (6) the representative parties must fairly and adequately protect the interests of the class ("adequacy"); and (7) one of the three Civ.R. 23(B) requirements must be met. Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67; see, also, Civ.R. 23(A) and (B); Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91. Absent any one of the findings, the trial court need not grant certification.
On May 24, 2000 and June 1, 2000, the trial court conducted two hearings where appellants were able to present evidence in support of the Motion for Certification. Following the hearings, the trial court concluded that the appellants failed to satisfy all of the requirements of Civ.R. 23 and denied the motion. In the ten-page opinion accompanying the decision, the trial court set forth the facts of the case, carefully examined the relevant legal standards, and determined that appellants had not satisfied the express requirements of Civ.R.23(A)(1),(2),(3) and Civ.R.23(B)(1) and (3).
Civ.R. 23(A)(1) specifies that a class action may only be maintained if, "the class is so numerous that joinder of all members is impracticable." The numerosity requirement has not been interpreted as specifying particular numerical limits. Id. at 97. Instead, numerosity decisions are made on a "case-by-case basis" whether the proposed class is so numerous that joinder of all members is actually impracticable. Id. The mere "possibility" that members of a class exist is insufficient. Burrell v. Sol Bergman Estate Jewelers, Inc. (1991), 77 Ohio App.3d 766; Currey v. Shell Oil Co. (1996), 112 Ohio App.3d 312. Rather, the movant must provide evidence that a number of people have been harmed by the nonmovant's actions. Warner, supra, at 93.
Here, the trial court conducted two separate hearings where appellants were given the opportunity to introduce evidence establishing numerosity and the impracticability of joinder. Although appellants assert that the proposed class consists of over 70 members, the trial court found that this claim was not supported by the evidence. Rather, the record reflects that attorneys for all the other plaintiffs advised the court that they were opposed to class certification and would "opt-out" of any such class. The trial court also specifically found that joinder was not impracticable since all of the cases had been consolidated some six months prior to the appellants' filing of the motion for certification and personal jurisdiction over the claimants was not at issue.
The trial court's careful analysis after two oral hearings of the facts, the evidence, and the applicable legal standards as set forth in its opinion and order fails to reveal that an arbitrary, unreasonable or unconscionable attitude led to its decision to deny appellant's motion for class certification; therefore, this court cannot find the trial court abused its discretion when it determined appellant failed to meet the numerosity requirement of Civ.R. 23(A)(1). Currey v. Shell Oil Co., supra; Burrell v. Sol Bergman Estate Jewelers, Inc. supra; cf., Ojalvo v. Bd. of Trustees of Ohio State Univ., supra; Shaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783.
Since appellants' failure to meet their burden to establish this requirement precludes class certification, we need not proceed further in the analysis of whether appellants met the remaining prerequisites of a successful motion for class certification. Warner Waste Mgt., Inc., supra, syllabus 1; Burrell, supra. Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] Joseph George, et al v. Realty One Property Management, et al., Cuyahoga County Common Pleas Court Case No. 343022.