OPINION
{¶ 1} Defendant-appellant, Douglas R. Stan, appeals the judgment of the Preble County Court of Common Pleas, Domestic Relations Division, determining parental rights and property division. We affirm the judgment for the reasons outlined below.
 {¶ 2} Appellant and appellee, Patricia A. Stan ("Mrs. Stan"), were married in 1994. Two children were born of the marriage in 1996 and 1998, respectively. In 2001, Mrs. Stan moved out of the marital home with the two children and filed for divorce. Appellant answered and counterclaimed for divorce.
 {¶ 3} The trial court held a hearing on the divorce petitions and took the matter under advisement. The trial court issued its decision three months later and entered a judgment entry and decree of divorce three months after the trial court's decision.
 {¶ 4} The trial court designated Mrs. Stan as the residential parent of the two children. Mrs. Stan was awarded the marital home, provided she paid appellant his share of the marital equity. The trial court also allocated the remaining property and debts of the parties.
 {¶ 5} Appellant appeals the judgment of the trial court, setting forth three assignments of error.
 Assignment of Error No. 1 {¶ 6} "THE TRIAL COURT COMMITTED ERROR IN FINDING THE BEST INTEREST OF THE CHILDREN IS SERVED BY DESIGNATING APPELLEE RESIDENTIAL PARENT."
 {¶ 7} A trial court enjoys broad discretion in custody proceedings. Davis v. Flickinger, 77 Ohio St.3d 415, 421, 1997-Ohio-260. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Pater v. Pater (1992),63 Ohio St.3d 393-396, citing Miller v. Miller (1988), 37 Ohio St.3d 71,74.
 {¶ 8} Because custody issues are "some of the most difficult and agonizing decisions a trial judge must make[,]" a trial judge must have wide latitude in considering all the evidence and the decision will not be reversed absent an abuse of discretion. Davis at 418. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} The primary concern of the trial court when determining custody of a child is the child's best interest. Seeling v. Seeling
(Dec. 27, 1999), Warren App. No. CA99-06-062. In determining the best interest of the children, the trial court is guided by R.C. 3109.04(F)(1). Id.
 {¶ 10} R.C. 3109.04(F)(1) states, in pertinent part:
 {¶ 11} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 12} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 13} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 14} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 15} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 16} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 17} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 18} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 19} "* * *;
 {¶ 20} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court. * * *."
 {¶ 21} Appellant argues that the trial court erred because it did not enumerate the factors it considered in its determination of parental rights and responsibilities.
 {¶ 22} In the instant case, the trial court indicated that it considered all of the evidence in making its determination of the best interests of the children, and noted that this evidence included a "divorce-custody evaluation" provided by a psychologist.
 {¶ 23} This evaluation included psychological testing of both parents and an observed interaction between each parent and the children. The evaluation discussed many of the applicable statutory factors, such as the parent-child relationship, the children's relationships with family, changes in living arrangements, and issues with visitation.
 {¶ 24} Where there is no evidence to the contrary, an appellate court will presume that the trial court considered all the relevant factors. Evans v. Evans (1995), 106 Ohio App.3d 673, 677 (the record indicates trial court had before it psychological evaluations that discussed the factors that appellant claimed the court ignored).
 {¶ 25} In addition to the evaluation, the trial court heard testimony from appellant, Mrs. Stan, and other witnesses concerning each parent's caretaking responsibilities and abilities before the separation, and their relationship with the children.
 {¶ 26} Specifically, both parents expressed a desire to be involved in their children's lives. Mrs. Stan testified that she was the primary caretaker of the children and attended to their needs. Appellant testified that when he worked third shift, he took care of the children's needs during those times when Mrs. Stan was working part time.
 {¶ 27} Both parents testified about conflicts during visitation or the exchanges for visitation, but appellant testified that he had received and was enjoying his court-ordered visits with the children.
 {¶ 28} We want to emphasize that a thorough discussion by the trial court of its findings as to the best interest determination, which was lacking in this case, would have assisted the parties in understanding the difficult custody decision and facilitated our review of the trial court's determination.
 {¶ 29} However, after reviewing the record, we find that the trial court did consider the applicable issues in evaluating the best interests of the children determination. The trial court decided that naming Mrs. Stan residential parent of the two minor children was in the children's best interest. We cannot say that the trial court abused its discretion in its determination of the parental rights and responsibilities. Appellant's first assignment of error is overruled.
 {¶ 30} Appellant's second and third assignments of error both deal with specific orders by the trial court in its division of property in this divorce.
 {¶ 31} In reviewing a judgment of the trial court awarding and distributing property in a divorce action, the reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. Briganti v. Briganti (1984),9 Ohio St.3d 220, 222. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.Middendorf v. Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-401. With this standard in mind, we will review appellant's two remaining assignments of error.
 Assignment of Error No. 2 {¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE THE MARITAL REAL ESTATE."
 {¶ 33} Appellant asserts that the trial court erred when it awarded the marital home to Mrs. Stan, but failed to fully consider that appellant wanted to remain in the home and had paid on the mortgage while the divorce was pending.
 {¶ 34} We find that the trial court did not abuse its discretion in permitting Mrs. Stan the opportunity to purchase the marital home, which was owned by her before the marriage. The trial court distributed this asset to Mrs. Stan when it named her residential parent. The trial court noted the children's familiarity with the home, and heard evidence of its proximity to the children's activities and extended family. See R.C. 3105.171(F).
 {¶ 35} The trial court noted that distributing this asset in this manner provided affordable housing for Mrs. Stan and the children, given Mrs. Stan's limited financial means.
 {¶ 36} We also find that the trial court did not abuse its discretion by failing to reimburse appellant for the mortgage payments he made while the divorce was pending. The marital home had been and continued to serve as appellant's place of residence during the divorce. Appellant sought and obtained a court order granting him exclusive use of the home while the divorce was pending. Appellant did not object to the trial court's order that both parties pay the cost of their respective housing during the divorce proceedings.
 {¶ 37} We find that the trial court's decision is supported by competent and credible evidence and did not constitute an abuse of discretion. Appellant's second assignment of error is overruled.
 Assignment of Error No. 3 {¶ 38} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN AWARDING THE APPELLEE THE PERSONAL PROPERTY FROM HER EXHIBIT."
 {¶ 39} Appellant asserts in his brief that the trial court indicated during pretrial discussions that it would permit the parties to alternatively select marital personal property from a list provided by the parties. Based upon the transcript, the trial court did make reference to the selection of marital assets by flipping a coin.
 {¶ 40} However, this distribution method becomes problematic when the only evidence in the record concerning personal property is Mrs. Stan's one-page list of items she was requesting that were apparently still in the marital home. This exhibit contained a list of items that Mrs. Stan listed as marital and nonmarital.
 {¶ 41} There is no record that appellant provided a list of marital personal property items for the alternative selection. Appellant testified at the hearing that a table saw and pocket-knife[1] were separate property as they were gifts to him. Appellant further testified that "everything else in terms of tangible personal property" is property that was acquired during the marriage. It is not clear to this court what encompassed "everything else in terms of tangible personal property."
 {¶ 42} The record shows that the parties apparently did not agree on what items of personal property would constitute marital property. For this reason, it would be essential for both parties to submit their lists of property that could be distributed by alternative selection. The trial court may have indicated that it would permit alternative selection of marital personal property, but the record is devoid of evidence that the parties facilitated that process.
 {¶ 43} Appellant also asserts that the trial court erred when it "ignored" the items he claimed Mrs. Stan removed from the marital residence when she moved out of the home. There is no competent evidence in the record as to the specific items appellant alleges Mrs. Stan took with her when she moved out of the residence.
 {¶ 44} Appellant testified that he purchased bunk beds for the children because Mrs. Stan "took everything when she left." When asked by his attorney if he was referring to the contents of the house, appellant responded, "I'm talking about the children's items, period."
 {¶ 45} The trial court awarded Mrs. Stan the children's play items and the appliances listed by Mrs. Stan in her exhibit, because it determined that Mrs. Stan would need these items as residential parent for the children.
 {¶ 46} The trial court awarded appellant a cordless drill, a table saw, and a camper. Appellant was also given the parties' older sedan and a pickup truck for transportation to and from work. All of these items were listed in Mrs. Stan's exhibit. The trial court ordered that each party keep items each had in his or her possession. Those items were not listed in Mrs. Stan's exhibit, and we can find no evidence in the record to identify those items, other than appellant's reference to children's items and furniture taken by Mrs. Stan.
 {¶ 47} As we previously stated, it was crucial that appellant provide the trial court with the evidence or his list of items he believed were separate and marital property, and to present the trial court with items he believed should be equitably distributed as marital property, but were previously removed by Mrs. Stan.
 {¶ 48} It is apparent from the record that the trial court considered such factors as the assets and liabilities of the parties, the liquidity of the assets to be distributed, the desirability of the residential parent living in the family home with the children, and other relevant and equitable issues in it property division. See R.C. 3105.171. In fact, the trial court determined that it would equalize the property and debt distribution by ordering that Mrs. Stan hold no claim to appellant's 401(K) plan, with a marital value of $15,000.
 {¶ 49} In reviewing the record of this case, we find the trial court's decision supported by competent and credible evidence. The trial court's property distribution was not an abuse of discretion. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] The pocketknife to which appellant testified is not mentioned or noted in any evidence in the record before this court.