OPINION
{¶ 1} Appellant, Clifford Stewart,[1] appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, terminating the previous agreed order of visitation with his great-granddaughter, K.M. We affirm the decision of the trial court for the reasons outlined below.
 {¶ 2} The Butler County Children Services Board ("BCCSB") has been intermittently involved with K.M.'s mother since 1998. In 2001, BCCSB filed a complaint alleging that six-year-old K.M. was a neglected and dependent child.
 {¶ 3} When the complaint was filed, K.M. was temporarily placed with her great-grandparents, Clifford and Pam Stewart. The Stewarts had been involved in raising K.M. from infancy. K.M.'s father, appellee Steven Suttle ("Father"), had very little contact with K.M. previously, but received an order of visitation after the BCCSB complaint was filed. During the proceedings in juvenile court, K.M.'s mother was incarcerated and both Father and the Stewarts filed motions for legal custody.
 {¶ 4} According to the record, the parties agreed at a shelter care hearing that Father would be K.M.'s temporary custodian and the Stewarts would receive Schedule B visitation. The agreement was incorporated into the trial court's shelter care order of March 28, 2002.
 {¶ 5} Father subsequently filed a motion to terminate the Stewarts' visitation and that motion was pending when K.M. was adjudicated a neglected and dependent child in May 2002. In July 2002, Father received legal custody of K.M. at a dispositional hearing. According to the record, the hearing on the issue of the Stewarts' visitation was held between the date of adjudication and disposition.
 {¶ 6} The trial court issued a decision in which it vacated its previous interim order that provided the Stewarts' with Schedule B visitation, but encouraged Father to permit visits. After their objections were overruled, the Stewarts instituted the instant appeal with two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court abused its discretion in failing to analyze all the statutory factors set forth in O.R.C. 3109.051(D) in determining whether it would be in the child's best interest to modify visitation with her great-grandparents[.]"
 {¶ 9} An appellate court will not reverse the trial court's determinations as to visitation issues absent an abuse of discretion. Braatz v. Braatz, 85 Ohio St.3d 40, 1999-Ohio-203, paragraph two of syllabus; In re McCaleb, Butler App. No. CA2003-01-012, 2003-Ohio-4333. More than an error in law or judgment, an abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In considering modification of visitation rights, the trial court shall consider the factors enumerated in R.C.3109.051(D), and in its sound discretion shall determine visitation that is in the best interest of the child. In reMcCaleb, at ¶ 6.
 {¶ 11} Appellant argues that the trial court erred when it did not analyze all of the statutory factors from R.C.3109.051(D) in its decision. First, we note that the record does not show that appellant asked the trial court to provide any additional findings of fact or conclusions of law beyond the decision that was issued. Civ.R. 52; R.C. 3109.051(F).
 {¶ 12} Further, we find that it is not an abuse of discretion when it appears from the journal entry that some of the best interest factors under the applicable section were addressed. SeeBernard v. Bernard, Columbiana App. No. 00 CO 25, 2002-Ohio-552; Stan v. Stan, Preble App. No. CA2003-01-001, 2003-Ohio-5540, at ¶ 24, 28; cf. Schiavone v. Antonelli (Dec. 10, 1993), Trumbull App. No. 92-T-4794 (it is not necessary for the court to set forth its analysis as to each statutory factor in its judgment entry, and absent evidence to the contrary, an appellate court will presume that the trial court considered the listed factors).
 {¶ 13} A review of the trial court's decision provides sufficient indication that the trial court considered the best interest of K.M. when it vacated its interim (emphasis added) order for Schedule B visitation.
 {¶ 14} Specifically, the trial court alluded to the fact that it conducted an in camera interview with the child to determine her wishes and this interview was provided to this court under seal for our review. R.C. 3109.051(D)(6); R.C. 3109.051(C). The trial court also discussed the interaction and interrelationship of the child with both Father and the Stewarts, indicating that the Stewarts had raised K.M. and that Father was not previously involved in K.M.'s life. R.C. 3109.051(D)(1).
 {¶ 15} The trial court also noted the concerns expressed by K.M.'s guardian ad litem ("GAL") on several issues dealing with K.M.'s behavior, other reports on K.M.'s behavior after visits, the issues regarding K.M.'s knowledge about judicial proceedings, and the "rift" that developed between the parties. R.C.3109.051(D)(1) and (5) and (7) and (16).
 {¶ 16} Further, the trial court noted that Father's motivation for ending the Stewarts' Schedule B visitation was not malicious or unreasonable, but was intended to reduce K.M.'s behavioral problems and stabilize her placement in Father's home. R.C. 3109.051(D)(5) and (15) and (16).
 {¶ 17} The trial court determined, at that time, that K.M.'s best interest was served by vacating the order for Schedule B visitation with the Stewarts. We can find no abuse of discretion by the trial court. Appellant's assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The trial court erred in its interpretation and application of Troxel v. Granville (2000)[,] 530 U.S. 57,120 S.Ct. 2054, when it determined that the case stands for the mere proposition that the court must presume that the wishes of an otherwise fit parent regarding the care or his or her child is in the best interests of that child[.]"
 {¶ 20} In Troxel v. Granville (2000), 530 U.S. 57,120 S.Ct. 2054, the U.S. Supreme Court reviewed a Washington state nonparent visitation statute and found that the wishes of a parent who is considered a "fit" parent should be given "special weight" by the trial court. Troxel at 70. The Troxel court also acknowledged that there is a traditional presumption that a fit parent acts in the best interests of his or her child.Troxel at 69-70.
 {¶ 21} We interpret appellant's argument on his second assignment of error to assert that the trial court used Troxel
to perfunctorily defer to Father's wishes for K.M. After reviewing the record in this case, we cannot agree with appellant's assertions.
 {¶ 22} As we previously discussed under the first assignment of error, the trial court considered a number of best interest concerns in its examination of this case. The trial court clearly considered these factors, in addition to giving special weight to Father's wishes for K.M.'s care. We find that the trial court did not err in its interpretation and application of Troxel on the issues in this case. Appellant's second assignment of error is overruled.
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] This appeal will contain references to the "Stewarts" because both Clifford Stewart and his wife, Pam Stewart, were involved in this case and appealed the judgment. While we cannot locate any suggestion of death in the record or other formal acknowledgement, Clifford Stewart indicates in his appellate brief that Pam Stewart is deceased.